## No. 13,577.

### ROGERS v. ROGERS.
(44 P. [2d] 909)

Decided April 1, 1935.  Rehearing denied April 29, 1935.

474

Mr. W. David McClain, Mr. James E. Garrigues, for plaintiff in error.

Mr. James A. Marsh, Mr. Benjamin E. Sweet, for defendant in error.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The parties appear in this court in the same order as in the court below and will be designated herein as plaintiff and defendant.

Plaintiff alleges in her complaint that on September 16, 1923, she made a loan to defendant of $4,319.15, evidenced by a promissory note, and that on September 17, 1926, this note was renewed as to the unpaid balance, the new note being for $4,069.89. Defendant had given his note for $15,000 to one Sally Ver Bryck and secured the same by a mortgage on certain land in Kansas. Defendant procured the indorsement of this note by Sally Ver Bryck and placed the same with plaintiff as collateral security for his note to her, and for a subsequent renewal note. Three days after the renewal of the note, defendant called on plaintiff and told her he wanted to borrow money from a bank at Wheatland, Wyoming, and asked her to lend him the $15,000 note that she held as collateral security in order that he might use it as collateral for the contemplated loan from the Wyoming bank, stating that he would later return said collateral to

her. The defendant took the $15,000 note. He did not secure any loan from the Wyoming bank, but retained the collateral in his possession. At divers times plaintiff inquired of defendant about the return of the collateral to her and why it had not been returned and defendant always stated that it was still held by the Wyoming bank as collateral security. Plaintiff alleges that she believed him and relied upon these statements. July 26, 1927, defendant caused the mortgage on the Kansas lands to be released and a month later deeded the property covered by the mortgage to an innocent third party. Plaintiff alleges that she first discovered what she denominates as "said fraud, including the release of said mortgage, sometime in February, 1932." The foregoing are the material allegations of the complaint. Plaintiff asked judgment for damages in the sum of $6,298.49, and for an execution against the body of defendant.

Defendant filed a general demurrer to plaintiff's complaint, which, for the purpose of the hearing, admitted all material allegations of the complaint. The trial court sustained the demurrer, and, plaintiff electing to stand on her complaint, dismissed the cause and entered judgment for costs against her. Error is assigned on this ruling.

Plaintiff in her brief states that this is an action at law for recovery of damages resulting to her from the wrong committed by defendant, and that the wrong consisted in converting the note and mortgage to defendant's own use by releasing the mortgage and selling the land, thereby destroying the security that plaintiff held for the payment of her note. Defendant concedes that if plaintiff had elected to do so, she could have sued in contract for failure to perform the promise to return the security.

In *Lininger Co. v. Foundry Co.*, 73 Colo. 412, 216 Pac. 527, we held that the mere breach of a contract will not support an action in trover, and that conversion

means "any distinct, unauthorized act of dominion or ownership exercised by one person over personal property belonging to another." We think that there is more than a breach of contract in this case. The contract was to use the note for a specific purpose and return it. The plaintiff had a qualified property interest in the note and mortgage. When the defendant completely destroyed them, he not only breached his contract, but exercised dominion over the plaintiff's special property right in them to the extent of destroying it. The right to destroy property, if it exists, is an incident to absolute ownership and not an incident to ownership subject to another's qualified property right in the thing destroyed. The destruction of the security in this case constituted a conversion.

Defendant further contends that plaintiff has brought her action in tort for fraud and deceit and that the allegations in her complaint are not sufficient under our holding in the case of *Kilpatrick v. Miller,* 55 Colo. 419, 135 Pac. 780, to sustain her cause of action. We agree with this contention, but think plaintiff's complaint does allege facts sufficient to entitle her to recover in a tort action for the conversion of her security.

Plaintiff permitted the defendant to take the security for a specific purpose. Her motive in lending the collateral to him is immaterial. The defendant not only failed to use the collateral for the specific purpose for which he had procured it, but retained it, and, by the release of the mortgage and transfer of the land, destroyed the plaintiff's security and put it beyond his power to return it to her. We need not indulge in the speculation that if the defendant had secured the loan from the Wyoming bank he might not have been able to repay it and the collateral would have been lost, for as stated above, the plaintiff's motives are immaterial. Plaintiff had a special property interest in the note and she had a right to deal with defendant concerning that interest as she

saw fit, and place such conditions on defendant's use of the note as pleased her.

■ Defendant contends that plaintiff has brought a tort action for the mere purpose of evading the statute of limitations. If she had a choice of actions, one barred by the statute of limitations and one not so barred, she had a legal right to bring the action that was not barred. She alleges that she did not know that the note had not been used by the defendant as security for a loan at the Wyoming bank, but that defendant represented to her on various occasions that it was so placed, and for that reason he could not return it to her. Plaintiff further alleges that she did not discover that the mortgage had been released and her security destroyed until 1932. The statute of limitations is a bar to the remedy and not to the right. *Wyatt v. Burnett,* 95 Colo. 414, 36 P. (2d) 768. If defendant, as plaintiff alleges, by false statements which plaintiff believed, kept her in ignorance of the true facts so that she did not discover the conversion of the note until 1932, as to her the statute of limitations should not and would not begin to run in favor of the defendant, who had concealed the true facts from her, until she discovered the truth. *Alfred v. Esser,* 91 Colo. 466, 15 P. (2d) 714.

■ Defendant contends that there is no allegation of the value of the note and mortgage alleged to have been converted. The amount of the note is set forth. It is alleged that it was secured by a mortgage on land. The note was signed by the defendant; the Kansas land mortgaged to secure the note belonged to the defendant. The defendant, better than anyone else, knew the value of his own promise to pay. In any event, the authorities hold that in the case of a conversion of choses in action the face value of instruments calling for the payment of money is prima facie their actual value. 26 R. C. L., p. 1150, §65; *Harlan v. Brown,* 4 Ind. App. 319, 30 N. E. 928; *First Nat. Bank v. Ransford,* 55 Ind. App. 663, 104 N. E. 604; *Hersey v. Walsh,* 38 Minn. 521, 38 N. W. 613,

8 A. S. R. 689. We hold, therefore, that in an action for damages for conversion of a note, a statement of its amount is a sufficient allegation of value to support the action.

The judgment is reversed and the cause remanded with instructions to overrule the demurrer.

. MR. CHIEF JUSTICE BUTLER and MR. JUSTICE BURKE concur.