584 P.2d 93 (1978)
Vernon L. HILL, Plaintiff-Appellee,
v.
SLEEP PRODUCTS, INC., a Colorado Corporation, d/b/a King Koil Sleep, Defendant-Appellant.
No. 77-711.
Colorado Court of Appeals, Div. II.
June 8, 1978.
Rehearing Denied June 29, 1978.
Certiorari Denied September 11, 1978.
*94 Mancini, Humphreys & Curran, P.C., Lawrence M. Vogel, Denver, for plaintiff-appellee.
Raphael M. Solot, Denver, for defendant-appellant.
KELLY, Judge.
The plaintiff, Vernon L. Hill, filed an action pursuant to § 13-71-118, C.R.S.1973, alleging that he had been discharged from his employment for serving on jury duty. His employer, the defendant, Sleep Products, Inc. d/b/a King Koil Sleep, filed a motion to dismiss the action on the basis that plaintiff had not commenced the action within the 30-day time limitation set forth in § 13-71-118(3), C.R.S.1973. Trial was to the court, which denied the defendant's motion to dismiss and entered judgment in favor of the plaintiff in the amount of $1350. The trial court also awarded plaintiff his costs and attorney's fees.
On appeal the defendant contends that the trial court erred in denying its motion to dismiss. We agree.
Plaintiff was discharged from his employment on January 14, 1976, and received notice thereof on January 16, 1976, some two days later. However, plaintiff did not commence his action against the defendant until February 20, 1976, more than 30 days after his discharge.
Section 13-71-118(3), C.R.S.1973, expressly provides that:
"If an employer discharges an employee in violation of subsection (1) of this section, the employee may within thirty days bring a civil action for recovery of wages lost as a result of the violation and for an order requiring the reinstatement of the employee."
Plaintiff asserts that the 30-day time limitation is merely permissive and actions brought pursuant to the statute are timely if commenced within a reasonable time. In support of this assertion plaintiff cites case law to the effect that the word "may" is ordinarily construed as permissive rather than mandatory.
The cases cited by plaintiff are not in point, since the use of the word "may" in the statute under consideration here is "permissive" in the sense that the statute does not compel or create a mandatory duty on an employee to file an action if he is discharged from his employment for serving as a juror. However, the right to bring an action pursuant to the statute is conditioned on its being commenced within 30 days of the time the employee is wrongfully discharged. To construe the statute otherwise would render the 30-day provision meaningless.
Wherever the meaning and import of a statutory provision is plain and free from ambiguity and no absurdity arises therefrom, there is no need to resort to other rules of construction to ascertain its meaning. American Metal Climax, Inc. v. Claimant in re Death of Butler, 188 Colo. 116, 532 P.2d 951 (1975). The clear meaning of the statute under consideration here is that the right of action must be exercised, if at all, within the 30-day time limitation prescribed by the legislature. Cf. People ex rel. Dunbar v. First National Bank, 144 Colo. 412, 356 P.2d 967 (1960).
Accordingly, the judgment is reversed and the cause is remanded to the trial court *95 with directions to grant the defendant's motion to dismiss.
ENOCH and STERNBERG, JJ., concur.