John ROESCHLEIN, Craig A. Agneberg, Larry Agneberg, Eric C. Lundgren, Paul L. Lundgren, William A. Brodie, Daryl C. Elliff, Claude Thiret, Huguette M. Thiret, Sylvia E. Deden, Alis E. Bellaire, Dave Deden, Larry Sale, Doris Sale, Jeffrey I. Birn, Eric Baumgart, Helen Roeschlein, Charles G. Roeschlein, and Michael Martin, Plaintiffs-Appellants,

v.

Clinton E. WATKINS, Peter H. Blunt and The Confluence at Beaver Creek, a Colorado general partnership, Defendants-Appellants,

and

Steve G. Erickson, Defendant.

No. 82CA0797.

Colorado Court of Appeals, Div. II.

Dec. 8, 1983.

Rehearing Denied Jan. 26, 1984.

Certiorari Denied Aug. 27, 1984.

Ireland, Stapleton & Pryor, P.C., William Leone, John H. Evans, Denver, for plaintiffs-appellants.

Parcel, Meyer, Schwartz & Ruttum P.C., Joseph E. Meyer, III, Daniel W. Pinkston, Denver, for defendants-appellees, Peter H. Blunt, and The Confluence at Beaver Creek.

Hart & Trinen, Donald T. Trinen, Denver, for defendant-appellee, Clinton E. Watkins.

SMITH, Judge.

This appeal arises out of the dissolution and winding up of a Colorado limited partnership once known as Beaver Creek Properties.

A partial summary judgment of dismissal was granted as to a number of the plaintiffs' claims. Certain claims still remain for disposition by the trial court. This judgment was certified under C.R.C.P. 54(b) as final for purposes of appeal with respect to these claims. The issue is whether dismissal of these claims was proper.

The plaintiffs in this case are all former limited partners in a limited partnership which was formed in 1976 for purposes of assuming a twenty year lease on a mobile home park located near Avon, Colorado. Blunt and Erickson are limited partners and the confluence at Beaver Creek is the ultimate purchaser of the remaining assets. The plaintiff limited partners assert that the dissolution and winding up of the partnership was wrongfully accomplished by the general partner, defendant Watkins, acting alone and in conspiracy with the other named defendants. They argue that such dissolution and winding up constituted breach of contract, breach of fiduciary duty, and fraud.

The trial court concluded that, as a matter of law, defendant Watkins properly terminated and wound up the affairs of the limited partnership and therefore dismissed these claims. We affirm.

## I.

### *Existence of "De Facto" General Partner*

Plaintiffs first assert that dismissal of their claim for wrongful dissolution of the limited partnership was in error because there existed a factually disputed issue concerning whether one Erickson was a general partner at the time of dissolution. The plaintiffs' theory appears to be that if Erickson was a general partner, Watkins could not dissolve the limited partnership without first obtaining Erickson's vote. We reject this argument.

Plaintiffs' own allegations disclose that Erickson was never more than a limited partner although on occasion he performed some of the functions of a general partner. Plaintiffs' argument appears to be that because Erickson acted as a general partner, the court should treat him as a general partner for purposes of dissolution and winding up.

 It is true that under § 7–61–108, C.R.S.1973, a limited partner may become *liable to creditors* when he takes part in control of the partnership. However, there is no statutory or case law support for the proposition that, even though there was no amendment to the certificate of partnership in accordance with § 7–61–126, C.R.S.1973, Erickson should be treated as a general partner for purposes of dissolution and winding up of the limited partnership. Thus, we conclude that, as a matter of law, Erickson was not a general partner in this limited partnership, and that Watkins, as the sole general partner, could properly dissolve and wind up this limited partnership without Erickson's vote. Accordingly, the plaintiffs have failed to demonstrate the existence of facts which, if proven, would entitle them to relief under the applicable law, and thus, summary judgment dismissing this claim for relief from the plaintiffs' complaint was appropriate.

## II.

### *Breach of Contract*

Plaintiffs next assert that it was error to dismiss their claim against Watkins based upon breach of his contractual duties to the limited partnership. It is the contention of the plaintiffs that the articles of partnership require two-thirds approval of the limited partners before the general partner can retire and dissolve the limited partnership.

 The limited partnership agreement provides in relevant part:

> "The General Partners shall not have the right to sell, lease, transfer, dispose of, hypothicate, convey in trust, mortgage or otherwise assign the lease rights of the Partnership without first having received and obtained the written consent to such transaction of limited partners owning at least sixty-six and two-thirds percent (66 ⅔%) of the total interest owned by Limited Partners as a group."

We conclude that this provision, while applicable to conducting the business of the partnership, is not applicable to dissolution and winding up. If the plaintiffs' contention were correct, a general partner could never bring to an end his partnership liability without the consent of 66⅔% of the limited partners. The two-thirds approval clause properly protects the limited partners from becoming unwilling investors in a business enterprise wholly different from that in which they originally invested. This is its sole function.

While it is possible for the articles of limited partnership to include a provision whereby the limited partners may have a right of first refusal in acquiring the assets of the partnership upon dissolution and winding up, such was not the case at hand. Section 7–61–121, C.R.S.1973, provides in part that:

> "The retirement ... of a general partner dissolves the partnership unless the business is continued by the remaining *general* partners ...." (emphasis supplied)

In this case there were no remaining general partners.

The partnership agreement further provides in part:

> "Upon dissolution of the Limited Partnership the General Partners shall wind up the affairs and liquidate the assets of the Partnership."

**1350**

That is precisely what Watkins has done in this case, and we conclude that summary judgment dismissing this portion of the plaintiffs' complaint was proper.

### III.

### *Breach of Fiduciary Duty*

Plaintiffs next argue that it was error to dismiss their claim against Watkins based upon breach of what they assert was a common law fiduciary duty imposed upon him over and above those duties which devolved upon him by virtue of the partnership agreement and the Uniform Partnership Act. We find no merit to this contention.

A general partner, in winding up partnership affairs, owes his limited partners a common law fiduciary duty of good faith, sound business judgment, candor, forthrightness, and fairness. *See Herald Co. v. Bonfils,* 315 F.Supp. 497 (D.Colo. 1970), *rev'd on other grounds sub nom., Herald Co. v. Seawell,* 472 F.2d 1081 (10th Cir.1972).

Plaintiffs assert that, under this common law standard, Watkins, who was the sole general partner, breached his fiduciary duties by failing to disclose his intent to dissolve and wind up the limited partnership sufficiently in advance so as to allow the limited partners to replace him with a new general partner. No statutory authority has been cited for such a duty, and none appears to have been contemplated by the articles of limited partnership. The Partnership Agreement provides:

> "Limited Partners representing two-thirds (⅔) of the Limited Partnership interest in a partnership shall have the right to remove the existing General Partner(s) and elect a new General Partner(s)."

It further provides:

> "If all General Partners have been adjudicated bankrupt or made assignments for the benefit of creditors, the Limited Partners representing a majority of the Limited Partnership interest in the Partnership may elect a successor General Partner."

No reference is made in the articles of limited partnership to a right of the limited partners to elect a successor general partner upon resignation of the sole remaining general partner, or to a duty placed upon the general partner requiring him to notify the limited partners of his intent to retire from the general partnership. Here, the articles of partnership do not require such a duty, and we decline to impose such a duty upon the general partners of limited partnerships. Such an imposition would be in clear contradiction of the plain meaning of the articles of partnership. *See Gandy v. Park National Bank,* 200 Colo. 298, 615 P.2d 20 (1980); *Christmas v. Cooley,* 158 Colo. 297, 406 P.2d 333 (1965).

The position of the limited partners is best understood by considering § 7–61–117(3), C.R.S.1973, which states in part:

> "In the absence of any statement in the certificate to the contrary or the consent of all members, a limited partner, irrespective of the nature of his contribution, has only the right to demand and receive cash in return for his contribution."

We find that summary judgment dismissing plaintiffs' claim asserting breach of fiduciary duty was appropriate in this case.

### IV.

### *Fraud*

Plaintiffs next assert that it was error to grant summary judgment dismissing their fraud claims. When a motion for summary judgment fails to make reference to facts of record that would controvert the pleadings, the trial court must accept the pleadings as true, and if unrebutted by facts of record, the motion for summary judgment must be denied if the pleadings properly state a cause of action. *Norton v. Leadville Corp.,* 43 Colo.App. 527, 610 P.2d 1348 (1979), *cert. denied,* 449 U.S. 993, 101 S.Ct. 530, 66 L.Ed.2d 290.

In this case, the defendant did not support his motion for summary judgment with any averments of facts to controvert the facts alleged in plaintiffs' complaint.

By such failure, the defendant essentially asserts that the facts pled by the plaintiffs, even if true, are not sufficient to support a claim of fraud. With this we must agree. Plaintiffs' fraud theory appears to be that a breach of fiduciary duty constitutes constructive fraud. We need not discuss this contention in light of our finding that no breach of fiduciary duty has occurred.

The remaining assignments of error have either been disposed of or are without merit.

The judgment is affirmed.

PIERCE and STERNBERG, JJ., concur.