CALEY INVESTMENTS I, a Colorado limited partnership, and Caley Investments II, a Colorado limited partnership, Plaintiffs–Appellees,

v.

LOWE FAMILY ASSOCIATES, LTD., a Colorado limited partnership, and Ronald J. Lowe, individually and as General Partner of Lowe Family Associates, Ltd., Defendants and Third–Party Plaintiffs–Appellants,

v.

Bill L. WALTERS, individually and in his capacity as General Partner of Caley Investments I, a Colorado limited partnership, and Caley Investments II, a Colorado limited partnership; Jo Fleming, in her capacity as the Public Trustee for the County of Arapahoe, State of Colorado; and Manufacturers Hanover Trust Company, a New York corporation, Third–Party Defendants–Appellees.

No. 86CA0525.

Colorado Court of Appeals, Div. II.

March 24, 1988.

Holmes & Starr, P.C., Kenneth L. Starr, Denver, for plaintiffs-appellees and third-party defendant-appellee, Bill L. Walters.

Law Offices of T. Michael Carrington, T. Michael Carrington, Michael W. Seckar, Denver, for defendants-appellants.

Loser, Davies, Magoon & Fitzgerald, P.C., Edward B. Towey, Deborah A. Sperlak, Denver, for third-party defendant-appellee Manufacturers Hanover Trust Co.

BABCOCK, Judge.

Defendants, Ronald J. Lowe (Lowe) and Lowe Family Associates, Ltd. (LFA), appeal the trial court's dismissal of defendants' fourth counterclaim. We affirm.

Plaintiffs, Caley Investments I and Caley Investments II (Caley partnerships), two limited partnerships investing in real property, brought suit against Lowe and LFA for claims unrelated to this appeal. Third-party defendant Bill L. Walters (Walters) is the general partner and Lowe and LFA are limited partners of the Caley partnerships.

Prior to Lowe and LFA's investment in the Caley partnerships, Walters, allegedly acting on his own behalf, obtained a $26,000,000 line of credit from third-party defendant Manufacturers Hanover Trust Company (MHTC). The line of credit was secured by two promissory notes and deeds of trust on property owned by the Caley partnerships. Before this transaction, Walters, and allegedly the then limited partner, executed authorization and indemnification agreements purporting to authorize him to encumber the partnerships' property. At the time these encumbrances were established, neither Lowe nor LFA had any interest in the Caley partnerships.

Lowe and LFA's fourth counterclaim sought a judgment declaring the two deeds of trust and the authorization agreements invalid, on the grounds that they were executed without the express consent of the limited partners. Lowe and LFA also sought a declaratory judgment that neither Lowe, LFA, Caley I, nor Caley II are obligated to repay the $26,000,000 indebtedness to MHTC. In bringing this counterclaim, Lowe and LFA joined Walters, MHTC, and Jo Fleming, as the Public Trustee for Arapahoe County, as third-party defendants. The Public Trustee has disclaimed.

Upon MHTC's motion, the trial court dismissed Lowe and LFA's fourth counterclaim as to all parties. The trial court held that Lowe and LFA failed to state a claim upon which relief may be granted. The trial court further held that Lowe and LFA "improperly raised claims belonging to the plaintiff partnerships, and have failed to set forth any facts showing that a present controversy exists and that they are entitled to relief in their individual capacities." The trial court then certified this order pursuant to C.R.C.P. 54(b) and Lowe and LFA now appeal. Lowe's and LFA's counterclaims for breach of fiduciary duty, indemnification, and declaration of contractual rights remain pending and are not the subject of this appeal.

Defendants contend that the trial court erred in dismissing their fourth counterclaim; that defendants had standing to assert claims belonging to the Caley partnerships; and that a present controversy exists entitling them to a declaratory judgment. We disagree.

■ In order to have standing, a plaintiff must suffer an injury in fact to a legally protected interest as contemplated by statute or constitutional provision. *Wimberly v. Ettenberg,* 194 Colo. 163, 570

P.2d 535 (1977); *East Grand County School District No. 2 v. Town of Winter Park,* 739 P.2d 862 (Colo.App.1987). If a person suffers no injury in fact or suffers injury in fact but not from the violation of a protected interest, no relief can be afforded, and the case should be dismissed for lack of standing. *Wimberly v. Ettenberg, supra.*

Initially, therefore, we consider whether Lowe and LFA would arguably suffer injury in fact should the declaratory relief they seek be denied, and the encumbrances allowed to stand. Secondly, we consider whether the potential injury to Lowe and LFA stems from the violation of a legal right, which violation may be afforded judicial relief.

■ Limited partners are generally not liable to third-party creditors for obligations of the partnership. Sections 7–61–108 and 7–62–303, C.R.S. (1986 Repl.Vol. 3A); *Silvola v. Rowlett,* 129 Colo. 522, 272 P.2d 287 (1954). A limited partner may become individually liable only when he takes part in control or operation of the partnership. Sections 7–61–108 and 7–62–303, C.R.S. (1986 Rep.Vol. 3A); *Roeschlein v. Watkins,* 686 P.2d 1347 (Colo.App.1983).

■ Further, limited partners own an interest in a legal entity, but hold no title or property right to the partnership assets. *See Evans v. Galardi,* 128 Cal.Rptr. 25, 546 P.2d 313 (1976); *Maxco, Inc. v. Volpe,* 247 Ga. 212, 274 S.E.2d 561 (1981). A limited partner is a capitalist or investor only, placing his money into a partnership without becoming a general partner or risking anything in the business except the capital originally subscribed. *Silvola v. Rowlett, supra. See also Klein v. Weiss,* 284 Md.App. 36, 395 A.2d 126 (1978).

■ Here, any injury which Lowe and LFA could suffer as a result of the encumbrances would be indirect, resulting from a diminution in value of their investment in the Caley partnerships. We conclude that, as to a limited partnership interest, such injury is not the type of *direct* injury required to satisfy the first prong of the *Wimberly* standing test.

As to the second prong of the *Wimberly* standing test, Lowe and LFA do not have a legal right to sue the general partner and third-party creditors directly; rather, they are restricted to bringing a derivative action. *See* C.R.C.P. 23.1; § 7–62–1001 to § 7–62–1003, C.R.S. (1986 Repl.Vol. 3A); *Moore v. 1600 Downing Street, Ltd.,* 668 P.2d 16 (Colo.App.1983). The rationale behind this restriction is that the interests of individual limited partners are not necessarily the interests of the partnership as a whole. If a limited partner were allowed to proceed with an individual action, the limited partnership's interests could be harmed, and the entity would be subject to multiple suits by parties not joined in the action. *See R.S. Ellsworth v. Amfac Financial Corp.,* 65 Haw. 345, 652 P.2d 1114 (1982).

Therefore, Lowe and LFA have no standing to bring suit on behalf of the Caley partnerships absent compliance with the procedural requirements for derivative actions. Lowe and LFA's interests do not necessarily reflect those of the Caley partnerships. Lowe and LFA, thus, under their fourth counterclaim as drafted, have no legal right which may be afforded judicial remedy. The second prong of the standing test is, therefore, not satisfied.

■ Lowe and LFA further assert that the fourth counterclaim, while not in strict compliance with the procedural requirements for derivative actions, nonetheless was properly brought as such. We disagree.

C.R.C.P. 23.1 delineates the requirements for commencing a derivative action. These requirements are paralleled by those in § 7–62–1001, C.R.S. (1986 Repl.Vol. 3A). C.R.C.P. 23.1 mandates that: (1) the complaint be verified; (2) the claim alleges that plaintiff was a member of the association at the time of the transaction of which he complains, or that his membership thereafter devolved upon him by operation of law; (3) the claim alleges with particularity the efforts made, if any, by the complaining party to obtain the action he desires from the directors or comparable authority; and (4) the complaint states the reasons for

the complaining party's failure to obtain the relief or for not making the effort.

Similarly, § 7–62–1001 requires that: (1) the general partners with authority to do so have refused to bring the action or that an effort to cause those general partners to bring the action is not likely to succeed; (2) the general partners decision not to sue constitutes an abuse of discretion or involves a conflict of interest that prevents an unprejudiced exercise of judgment; and (3) the complaining party was a limited partner at the time of the transaction of which he complains or his status as a limited partner had devolved upon him by operation of law or pursuant to the terms of the partnership agreement from a person who was a partner at the time of the transaction.

Compliance with C.R.C.P. 23.1 is mandatory in derivative actions against corporations and must be shown on the face of the complaint. *Bell v. Arnold,* 175 Colo. 277, 487 P.2d 545 (1971); *Van Schaack v. Phipps,* 38 Colo.App. 140, 558 P.2d 581 (1976). The purpose underlying the requirements of this rule is to avoid the possibility of a multiplicity of lawsuits by individual members of an association, or small groups of members of an association. *Bell v. Arnold, supra.*

We conclude that the requirements set forth in § 7–62–1001 further this same purpose. Therefore, compliance with C.R.C.P. 23.1 and § 7–62–1001 is also mandatory when initiating derivative actions by limited partners. We therefore do not agree with Lowe and LFA that the form of the fourth counterclaim should be disregarded, and that they should be allowed to proceed as parties to a derivative action. The fourth counterclaim as drafted does not meet those requirements, and Lowe and LFA made no attempt to amend their counterclaim.

■ Finally, declaratory judgment proceedings may not be invoked to resolve a question which is non-existent, even though the question may arise at some future time. *McDonald's Corp. v. Rocky Mountain McDonald's, Inc.,* 42 Colo.App. 143, 590 P.2d 519 (1979). The record here reflects no present controversy to support Lowe and LFA's request for a declaratory judgment.

■ Even taking the allegations contained within defendants' fourth counterclaim as true, *see* C.R.C.P. 12(b), we find no evidence that the promissory notes are in default. Additionally, Lowe and LFA do not assert that they acted at any time as general partners, which action might render them liable as general partners. *See* § 7–61–108 and § 7–62–303, C.R.S. (1986 Repl.Vol. 3A). Finally, it is undisputed that Lowe and LFA are not parties to the promissory notes and deeds of trust, as they acquired their interests in the Caley partnerships after the transaction with MHTC. Thus, the trial court correctly concluded that Lowe and LFA's fourth counterclaim must also be dismissed for lack of a present controversy.

Judgment affirmed.

SMITH and PLANK, JJ., concur.