Merwyn H. McCRACKEN and Deann R. McCracken, Plaintiffs–Appellants,

v.

CONTICOMMODITY SERVICES, INC., a Delaware corporation, Defendant–Appellee.

No. 85CA1509.

Colorado Court of Appeals, Div. I.

April 7, 1988.

John F. Head, Denver, for plaintiffs-appellants.

Eiberger, Stacy & Smith, P.C., Paul F. Hodapp, Carl F. Eiberger, Denver, for defendant-appellee.

HUME, Judge.

Plaintiffs, Merwyn and Deanna McCracken, appeal from a judgment entered on a jury verdict finding defendant, Conticommodity Services, Inc. (Conti), 60% negligent and plaintiffs 40% negligent. We affirm.

After several conversations with a friend about investing in commodities, Mr. McCracken asked him to set up a meeting with his broker, Conti. After this first meeting, Conti sent the McCrackens several documents, including a risk disclosure document in which it was made clear that investing in commodities futures contracts involved great risk. In late December 1980, plaintiffs signed this risk disclosure document and also filled out other documents in order to open a non-discretionary account. A non-discretionary account, by definition, only authorized Conti to follow the McCrackens' directions concerning buy and sell orders.

In February 1981, Mrs. McCracken lost her secretarial job. Soon after, she took a more active role in executing buy and sell orders, and, principally through her transactions, the McCrackens lost $16,424.45.

The McCrackens brought an action against Conti and one of its agents. In their complaint, the McCrackens asserted four claims for relief: breach of fiduciary duty, negligence, constructive fraud, and actual fraud. Prior to trial, the claim for actual fraud against Conti was dismissed by stipulation, as were all the claims against Conti's agent.

Conti thereafter moved for summary judgment against McCracken on all remaining issues, *i.e.*, breach of fiduciary duty, negligence, and constructive fraud. Conti argued that all of McCracken's claims had a single common basis, namely that Conti breached its fiduciary duty by failing to disclose to the McCrackens that they were unsuited to trade commodities futures contracts. It further argued that it was entitled to summary judgment because, as a matter of law, there is no duty on the part of a commodities broker to determine suitability of a customer to trade in futures contracts.

The court partially agreed with Conti. Relying on *Rupert v. Clayton Brokerage Co.*, 705 P.2d 988 (Colo.App.1985), *rev'd*, 737 P.2d 1106 (Colo.1987), the trial court ruled, as a matter of law, that no fiduciary duty exists on the part of the broker until an account is opened, and therefore, there was no fiduciary duty on the part of the broker to determine the suitability of a customer to trade in futures contracts. However, it disagreed with Conti's argument that this disposed of the entire case. In its oral ruling, it stated that there remained a jury question of whether Conti breached a duty "after the account had been set up." The court, thus, did not render a summary judgment on the whole case, but rather it entered a partial summary judgment pursuant to C.R.C.P. 56(d).

In its partial summary judgment, the court dismissed McCrackens' breach of fiduciary duty claim, and their constructive fraud claim, but it allowed plaintiffs to proceed on their negligence claim. After hearing all the evidence, the jury found Conti 60% negligent, plaintiffs 40% negligent, and computed plaintiffs' losses at $14,424.45, resulting in an award of $9,854.

## I.

Plaintiffs argue that the trial court erred in dismissing their claim for breach of fiduciary duty. We disagree.

The issue in this case is whether *Rupert v. Clayton Brokerage Co.*, 737 P.2d 1106 (Colo.1987), should be extended to cover a broker who has no "practical control" over a customer's account. Stated more simply, the issue is whether *Rupert* has any application to non-discretionary accounts.

■ In *Rupert v. Clayton, supra*, it had been conceded that fiduciary duties were owed because the broker controlled the discretionary account. The Colorado Supreme Court stated that:

"A broker who becomes a fiduciary of his client must act with utmost good faith, reasonable care, and loyalty concerning the customer's account, and owes a duty ... to explain forthrightly the practical impact and potential risks of the course of dealing in which the broker is engaged."

The court held that a broker, who becomes a fiduciary, may breach a fiduciary duty by negligently handling a customer's account. In determining whether a broker has negligently handled a customer's account, the fact-finder may consider the broker's violation of a custom or internal rule adopted for the protection of its customer.

Although *Rupert* clarified what constitutes a breach of fiduciary duty, it did not address the question concerning when a fiduciary relationship arises. To answer this question, we turn to the Colorado Supreme Court's decision in *Paine, Webber, Jackson & Curtis, Inc. v. Adams*, 718 P.2d 508 (Colo.1986).

■ In *Paine, Webber*, the court held that the mere fact that there is a broker-customer relationship is not sufficient to impose broad fiduciary duties upon the broker. The test is rather whether the broker had "practical control of a customer's account." If the customer proves that the broker had practical control of his account, then he has established that there is a fiduciary relationship and that the broker owes "wide ranging duties in managing the

customer's account in accordance with the customer's needs and objectives."

Because a customer must prove control of the account in order "to elevate an ordinary broker-customer relationship to one that is fiduciary in nature, the question of whether the broker in a given case owes a fiduciary duty to a particular client must be resolved on a case-by-case basis." *Paine, Webber, supra.* Hence, here we must determine if the record reveals as issue of fact as to whether defendant owed any fiduciary duties to the McCrackens.

■ In Conti's motion for summary judgment, it described the account as a non-discretionary account in which the McCrackens, not Conti, made all of the decisions whether to buy or sell a particular commodity. Neither of the McCrackens' affidavits in opposition to Conti's motion disputed the non-discretionary nature of the account, nor have they disputed this issue on appeal. The record, thus, would not support a finding that Conti owed the McCrackens any broad fiduciary duties. Hence, the trial court properly dismissed the breach of fiduciary duty claim.

## II.

■ Plaintiffs next argue that the trial court erred in dismissing their claim for constructive fraud. We disagree.

Constructive fraud is defined as "a breach of duty which, irrespective of moral guilt, the law declares fraudulent because of its tendency to deceive, violate confidence, or to injure public interests. Neither actual dishonesty nor intent to deceive is an essential element of constructive fraud." *Security National Bank v. Peters, Writer & Christensen, Inc.*, 39 Colo. App. 344, 569 P.2d 875 (1977). Colorado courts have often found that a breach of fiduciary duty constitutes constructive fraud. *See United Fire & Casualty Co. v. Nissan Motor Corp.*, 164 Colo. 42, 433 P.2d 769 (1967); *Roeschlein v. Watkins*, 686 P.2d 1347 (Colo.App.1983).

Here, McCrackens' constructive fraud claim appears to be nothing more than a restatement of their claim for a breach of fiduciary duty. Given our disposition of that claim, we hold that the trial court

properly dismissed McCrackens' constructive fraud claim.

## III.

 Plaintiffs next argue that the trial court erred in refusing to allow them to present evidence of the broker's breach of duty in opening the account. We perceive no reversible error.

Plaintiffs contention that they were unable to present evidence of duty before the account was opened is misleading. Although the trial court stated in its partial summary judgment that it wanted no evidence presented on the issue of Conti's duty concerning suitability, at trial the court did allow plaintiffs to present their evidence concerning the circumstances surrounding the opening of the account. Plaintiffs presented Conti's internal policy manual concerning opening the accounts to the jury. The internal policy manual states:

"It is the duty of each Account Executive to obtain sufficient information about each prospective customer in order to determine that the customer's personal and financial circumstances and investment objectives qualify the new customer for undertaking the risks inherent in commodities trading."

Plaintiffs also presented evidence of McCrackens' financial situation before the account was opened and Conti's actions in obtaining information prior to opening the account. Since the jury found, from the evidence, that Conti was negligent, plaintiffs have not demonstrated that they were prejudiced by the trial court's ruling. We therefore conclude that any error was harmless and, accordingly, will not disturb that ruling on appeal.

## IV.

Plaintiffs contend that the court erred in assessing costs against them under C.R.C.P. 68, because defendant's offer of judgment was not timely filed. We disagree.

On July 3, 1985, defendant served an offer of judgment in the amount of $20,-000. Plaintiffs did not accept the offer, and trial began on Monday, July 15, 1985.

After trial, the court ruled that the offer was timely, and assessed costs under C.R.C.P. 68 against plaintiffs. C.R.C.P. 68 provides that:

"At any time more than ten days before trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him...."

We disagree with plaintiffs' contentions that time begins to run under C.R.C.P. 68 from the time the offer of judgment is served, and that the first and last of this 10–day period are computed under C.R.C.P. 6(a). Computation of time under C.R.C.P. 68 is clearly from the date of trial. *Cf.* C.R.C.P. 6(d) ("A written motion ... shall be served not later than five days before the time specified for the hearing...."). Here, defendant's offer of judgment was served 12 days before trial and, thus, was timely.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.