KLINE HOTEL PARTNERS, a California limited partnership, Plaintiff,

v.

AIRCOA EQUITY INTERESTS, INC., a Colorado corporation, and Clarion One, Ltd., a Colorado limited partnership, and Associated Inns & Restaurants Company of America, a Delaware corporation, Defendants.

Civ. A. No. 87–B–1903.

United States District Court, D. Colorado.

March 27, 1989.

Daniel S. Hoffman, John R. Webb, Lino S. Lipinsky de Orlov, Holme Roberts & Owen, Denver, Colo., for defendants.

Robert F. Hanley, Mark E. Haynes, Morrison & Foerster, Denver, Colo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This matter is before the Court for consideration of plaintiff's (Kline) motion to disqualify defendants' counsel Holme Roberts & Owen (HRO).

The present controversy arises out of a dispute concerning the construction and operation of the Clarion Ontario Airport Hotel (Hotel) in Ontario, California. The Kline Center Ontario Hotel Partnership (the Partnership), not a party to this action, owns and operates the hotel. Kline and defendant Clarion One, Ltd. (Clarion I) are the general partners of the Partnership under the Kline Center Ontario Hotel Partnership Agreement (Partnership Agree-

**1194**

ment). Kline and Clarion I each owns 50% of the Partnership. Clarion I is also the managing partner under the Partnership Agreement. Defendant AIRCOA Equity Interests, Inc. (AEI) was Clarion I's predecessor in interest under the Partnership Agreement. Defendant AIRCOA Hospitality Services, Inc. (AIRCOA), f/k/a Associated Inns and Restaurants Company of America, is the managing agent of the Hotel pursuant to a management agreement between AIRCOA and the Partnership. In this action, Kline asserts numerous claims against each of the defendants, including claims 3, 4, and 8 brought derivatively on behalf of the Partnership.

HRO represents all three defendants in this action. Kline claims that a conflict under Canon 4 and Canon 5 of the Code of Professional Responsibility (CPR) arises from HRO's simultaneous representation of Clarion I and AIRCOA. For the reasons expressed below, I disagree and deny the motion to disqualify defendants' counsel.

A motion for disqualification must not be based on speculation or conjecture. *People Ex Rel. Woodward v. District Court*, 704 P.2d 851 (Colo.1985); *Brotherhood Ry. Carmen v. Delpro Co.*, 549 F.Supp. 780 (D.Del.1982). The burden of establishing the grounds for disqualification is on the moving party. *Field v. Freedman*, 527 F.Supp. 935 (D.Kan.1981).

### CANON 5

■ Local Rule 306 states that the Code of Professional Responsibility adopted by the Colorado Supreme Court applies to all attorneys appearing in this Court. Canon 5 requires that an attorney exercise independent, professional judgment on behalf of a client. DR–5–105(B) proscribes multiple employment if the exercise of an attorney's independent professional judgment [on] behalf of a client would be likely to involve him in representing differing interests, unless consent after full disclosure is obtained. Genuine conflicts of interest must be scrupulously avoided. *Allen v. District Court*, 184 Colo. 202, 519 P.2d 351 (1974).

Kline claims a Canon 5 conflict arising from the derivative claims asserted by it on behalf of the Partnership. Kline argues

that the derivative claims establish adversity between Clarion I and AIRCOA as to claims four and eight. Defendants counter by arguing that as a general partner, Kline has no right to bring a derivative action on behalf of the partnership.

The law of Colorado controls the pivotal issue whether a general partner may bring a derivative action on behalf of the partnership. *See* Fed.R.Civ.P. 17(b) (in all cases other than those brought by an individual or a corporation, capacity to sue shall be determined by the law of the state in which the district court is held); *see also Hauer v. Bankers Trust New York Corp.*, 65 F.R. D. 1 (E.D.Wis.1974).

In Colorado, a corporate shareholder may bring a derivative suit against the corporation. *See* C.R.C.P. 23.1; *Bell v. Arnold*, 175 Colo. 277, 487 P.2d 545 (1971); § 7–4–121, C.R.S. (1986 Repl.Vol. 3A). Also, under the Colorado Uniform Limited Partnership Law of 1981, a limited partner may bring a derivative action. § 7–62–1001, C.R.S. (1986 Repl.Vol. 3A). *See* C.R.C.P. 23.1; *Caley Investments I v. Lowe Family Assoc., Inc.*, 754 P.2d 793 (Colo.App.1988). However, there is no parallel provision in the Uniform Partnership Law as enacted in Colorado providing a general partner the right to bring a derivative action. *See* § 7–60–101, et seq., C.R.S. (1986 Repl.Vol. 3A). Research fails to reveal any Colorado decision which permits a general partner to bring a derivative suit on behalf of the partnership.

Historically, the derivative action has been the principal defense of a minority corporate shareholder against abuses by the majority. *McClure v. Borne Chemical Co.*, 292 F.2d 824 (3rd Cir.1961), *cert. denied*, 368 U.S. 939, 82 S.Ct. 382, 7 L.Ed.2d 339 (1961). Derivative suits are an important remedy for minority shareholders to call corporate directors to account for mismanagement. *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). However, the derivative suit is an extraordinary remedy, available only when there is no other road to redress. *Bell v. Arnold, supra.* And, the purpose underlying C.R.C.P 23.1 is to

avoid multiplicity of lawsuits by individual stockholders or small groups of stockholders. *Id.*

A limited partner and a minority corporate shareholder are similarly situated. Thus, a limited partner may assert a derivative claim on behalf of the limited partnership. A limited partner, like a corporate shareholder, owns an interest in a legal entity, but holds no title or property interest in the entities' assets. *Caley Investments v. Lowe Family Assoc., supra* at 795. Rather, like a corporate shareholder, a limited partner is an investor. *Id.* Further, if a limited partner were allowed to sue a general partner directly, the entity's interests could be harmed, and as with corporations, the entity could be subject to a multiplicity of suits. *Id.*

In light of the underlying purposes for derivative suits, it is reasonable that the Colorado General Assembly made no provision for a general partner to sue derivatively on behalf of a general partnership. Unlike the minority shareholder and limited partner who have no effective means to be heard absent the derivative action, a general partner such as plaintiff has multiple remedies at his disposal. These include a right to an accounting, a right to a dissolution, and a right to contribution. *See* §§ 7–60–122; 7–60–131 and 132; and 7–60–134, C.R.S. (1986 Repl.Vol. 3A).

■ Accordingly, I conclude that in Colorado a general partner has no capacity or standing to bring a derivative action on behalf of a general partnership. *See Hauer v. Bankers Trust New York Corp., supra.* There being no derivative claims properly before this Court, there are no defendants aligned in an adverse manner. Therefore, HRO's multiple representation of all defendants does not violate Canon 5.

## CANON 4

■ Next, Kline contends that HRO cannot continue to represent defendants in light of Canon 4 of the CPR which enjoins use of confidential information against a past client.

In the past, HRO represented the Partnership. But the Partnership is not a party to this action. Moreover, to the extent that Kline bases its arguments on derivative claims, it cannot prevail. *See above.*

Kline also contends that as a member of the Partnership, it must be considered a past client of HRO and thus HRO's representation of defendants is improper under Canon 4.

The relationship of attorney and client can be inferred from conduct of the parties. *People v. Morley,* 725 P.2d 510 (Colo.1986). But the fact that an attorney represents a corporation does not make that attorney counsel to the officers and directors of the corporation. *Stratton Group, Ltd. v. Sprayregen,* 466 F.Supp. 1180 (E.D.N.Y. 1979).

According to the pleadings, during the time that HRO was representing the Partnership, Kline had independent counsel. Moreover, Kline submits no information about the purported attorney-client relationship between it and HRO other than the statement that "as a member of the Partnership, [it] enjoyed HRO's representation and must be considered a past client of HRO." Under these circumstances, no attorney-client relationship existed between Kline and HRO.

Moreover, assuming arguendo that an attorney-client relationship existed between Kline and HRO, that relationship necessarily involved joint effort by Kline and defendants on behalf of the Partnership. Kline has shown no reasonable expectation that any information it may have revealed to HRO would not be revealed to defendants in furtherance of that joint effort. Kline's reasonable expectation would be otherwise. Thus, there is no Canon 4 conflict because there is no showing that defendants could obtain from HRO any confidences imparted by Kline to HRO. *See Allegaert v. Perot,* 565 F.2d 246 (2nd Cir.1977); *Keoseian v. von Kaulbach,* 707 F.Supp. 150 (S.D.N.Y. 1989); *U.S. Football League v. National Football League,* 605 F.Supp. 1448, 1452 n. 7 (S.D.N.Y.1985).

Because the Partnership is not a party to this action, because Kline can not bring derivative claims on behalf of the Partner-

ship, because Kline was not a past client of HRO, and because, even assuming the attorney-client relationship, there is no showing of confidences that any defendant could obtain from HRO, there is no basis for disqualification of defendants' counsel under Canon 4.

. ACCORDINGLY, IT IS ORDERED THAT plaintiff's motion for disqualification is DENIED.