Tom Hancock Department of the Treasury State Capitol Denver, CO 80203
Dear Mr. Hancock:
I write in response to your request for a formal opinion regarding interest derived from the investment by the treasury of custodial funds.
QUESTIONS PRESENTED AND CONCLUSIONS
a. Must the state treasurer credit interest earned on a custodial fund to that custodial fund?
Yes.
b. Must the state treasurer credit interest earned on state moneys to the general fund?
Yes, unless otherwise provided by law.
ANALYSIS
c. The state has control over many custodial funds. The treasurer deposits and invests the money in these funds and earns interest thereon. You have asked whether the interest earned on these investments must remain in the custodial fund.
Custodial funds generally are funds:
 [w]hich are given to the state for particular purposes and of which the state is a custodian or trustee to carry out the purposes for which the sums have been provided. . . .
Colorado General Assembly v. Lamm, 700 P.2d 508, 524
(Colo. 1985). It is the nature of the restrictions upon the funds, and not their source, that determines whether the funds are custodial funds. Central to the concept of custodial funds is a requirement that the state's role must be that of a guardian of such funds rather than the outright owner. For example, moneys given to the state subject to an express or constructive trust to be expended for an objective designated by the donor are custodial.
The usual and general rule is that any interest on funds held by the state which are not public funds must be allocated to those who are ultimately entitled to the principal. Webb'sFabulous Pharmacies v. Beckwith, 449 U.S. 155 (1980).See also United States v. Sperry Corp.,110 S.Ct. 387, 398 (1989).
Colorado follows the general rule. Alfred v. Esser,91 Colo. 466, 15 P.2d 715 (1932). In Alfred, the State Board of Livestock Commissioners declared certain steers to be estrays and sold them. The money from the sale was placed in an interest-bearing account. The Colorado Supreme Court concluded that the money from the sale was held by the state in trust for the rightful owner of the cattle and could not be credited to the general fund. The court concluded that any interest derived from the use of that money must be paid to the owner. It stated:
 The proceeds of the sale of the plaintiff's cattle were held by the state board as a trust fund to be repaid to him upon a proper demand. In claiming that this interest actually paid to it is not recoverable, the [state is] placed in the embarrassing position of contending that [it is] entitled to interest from the proceeds of another's property.
Id. 91 Colo. at 472, 15 P.2d at 716.
d. You also asked whether the interest earned or state moneys must be credited to the general fund. Section 24-36-114, C.R.S. (1988) provides:
 All interest derived from the deposit and investment of state moneys shall be credited to the general fund unless otherwise expressly provided by law.
Thus, interest earned on state moneys must be credited to the general fund.
SUMMARY
Interest earned on money in a custodial fund must be credited to that fund. Interest earned on state moneys must be credited to the general fund unless otherwise expressly provided by law.
Sincerely,
 GALE A. NORTON Attorney General
PUBLIC FUNDS INTEREST TREASURER, STATE
Section 24-36-114, C.R.S. (1988)
ADMINISTRATION, DEPT. OF. Accounts Control Div. of
Interest earned on money in a custodial fund must be credited to that fund. Interest earned on state moneys must be credited to the general fund unless otherwise expressly provided by law.