No. 17,500.

ASSOCIATED MASTER BARBERS, LOCAL No. 115, ET AL. *v.* JOURNEYMAN BARBERS, LOCAL No. 205, ET AL.
(285 P. [2d] 599)

Decided June 27, 1955.

Mr. DONALD H. MEYER, for plaintiffs in error.

Messrs. HORNBEIN & HORNBEIN, Mr. ROY O. GOLDIN, for defendants in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

FLOYD C. REEVES, doing business as Reeves Barber Shop at 838 Broadway, Denver, Colorado, joined the Associated Master Barbers of America, Local No. 115, as plaintiffs, by filing their complaint for declaratory judgment construing the validity of a contract and a proposed contract with defendants Journeyman Barbers, Hairdressers, Cosmetologists and Proprietors International Union of America, Local No. 205, C. H. Ford and C. R. Hamilton. A motion to dismiss on the ground that the complaint does not set forth any claim on which relief can be granted, and further, that the court has no jurisdiction over the subject matter of the action, was sustained and plaintiffs given ten days to elect or stand upon their complaint or twenty days to file an amended complaint. Plaintiffs filed a motion for a restraining and mandatory order, which motion was granted. Defendants moved to dissolve the temporary restraining order for the reason that there was no action pending since the court previously had sustained the motion to dismiss the complaint. The motion to dissolve was sustained and an amended complaint filed. Defendants answered in due course and the matter finally was submitted to the court

on the merits on April 13, after motion for summary judgment had been denied.

The trial court properly resolved the questions presented by finding that this is not a justiciable controversy; that the suit merely seeks an advisory opinion by the court; and that while plaintiff Reeves seeks a judgment affecting all persons similarly situated, alleging that he is a representative of a class, this contention on his part is not supported by the evidence and ordered the complaint dismissed and dispensed with a motion for new trial. This order of court was entered May 6, 1954, and is the subject of the controversy presented by a writ of error procured from this Court.

Reeves owns his own shop and is a working barber, along with two other barbers in his employ. In 1948 Reeves and defendant Union entered into a contract concerning union employment and display of the union shop card. This contract expired May 1, 1951, and a new contract was tendered to him, which he did not sign, because he "did not want to belong to the Union." On May 22, 1951, defendant Union removed its union shop card from plaintiff's shop and both of plaintiff's employees continued working for him after that time. The trial on the merits occurred about three years after the removal of the union shop card. Why the Associated Master Barbers of America, Local No. 115 is a party plaintiff to this action is not made clear by the record, and there is no showing as to any interest it has in this controversy.

Rule 57 (b) R.C.P. Colo. is as follows: "Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder."

■ It is shown by the record that 444 barber shop

owners have signed a so-called union contract and the agreement concerning the right to display the union shop card. The record is equally clear that Reeves and his co-plaintiff are not parties to this union contract, Reeves having refused to sign a renewal thereof, and therefore it is apparent from a reading of the above rule that they are without standing to obtain a declaratory judgment determining the validity of the contract. The purpose of the rule is for a judicial declaration of rights "under a * * * contract * * *." It is well settled that a proposed contract affords plaintiff no right to have it construed, and since no contract of rights of the parties is adversely affected, plaintiff's action cannot stand, and this Court, as it repeatedly has held, will not render an advisory opinion in declaratory-judgment actions.

On the question of pursuing this action as a class action, it is shown that in the neighborhood of about a dozen other shops are, in a fashion, represented by plaintiff Reeves, although their interests are likely varied from that of plaintiff and in such cases where they are not in full harmony with plaintiff, he cannot maintain a class action in their behalf, and it further is made to appear that the 444 barber shop owners are not complaining as being irked by the contract. As required by Rule 23 (a) R.C.P. Colo., there is no allegation in the complaint, neither is there any evidence in the record, that the persons plaintiff seeks to represent are so numerous as to make it impractical to bring them all before the court, but plaintiff contents himself by saying, through counsel, that there are several other barber shop owners who are in the same and similar situation. Plaintiff's designation of this action as a class action does not make it so when the facts show otherwise.

Plaintiff Reeves has not the semblance of a right to a court decree that would invalidate the contracts of these 400, or more, other shop owners, because Reeves is not a party to the contracts he is seeking to have invalidated, and he has no interest that would justify his attempt to

have these contracts construed. Moreover, Rule 57 (j) R.C.P. Colo., provides that all persons who claim or have any interest that would be affected by a declaratory judgment shall be made parties to the action.

The Colorado Labor Peace Act is not applicable in this case, because it applies in instances where there are eight or more employees, and plaintiff Reeves never employed more than three. Neither does the by-law of defendant Union, as amended, effective January 1, 1954, prohibit plaintiff Reeves from belonging to the union, because he is given the same rights and privileges of membership as those enjoyed by other members of the union. Certainly plaintiff Reeves would not want to perpetuate a fraud upon the public by displaying a union shop card when in fact he, or his employees, had not complied with the terms and conditions of the right to such a display.

The finding and judgment of the trial court is correct and therefore is affirmed.

MR. JUSTICE LINDSLEY did not participate in the consideration of this case on review.