579 P.2d 96 (1978)
UTAH INTERNATIONAL, INC., Plaintiff-Appellant,
v.
The BOARD OF LAND COMMISSIONERS OF the DEPARTMENT OF NATURAL RESOURCES of the State of Colorado, Raymond H. Simpson, Tommy Neal and Robert McPhee, Commissioners, Colorado-Ute Electrical Association, Inc. and W. R. Grace & Co., Defendants-Appellees.
No. 77-179.
Colorado Court of Appeals, Division III.
May 11, 1978.
Welborn, Dufford, Cook & Brown, William A. McLain, Philip G. Dufford, David *97 W. Furgason, Denver, for plaintiff-appellant.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James S. Russell, Janet L. Miller, Asst. Attys. Gen., Denver, for defendant-appellee The Bd. of Land Com'rs.
Holme, Roberts & Owen, Lawrence L. Levin, Peter H. Holme, Jr., Denver, Bruce F. Heitler, Denver, for defendant-appellee Colorado-Ute Electrical Ass'n, Inc.
Davis, Graham & Stubbs, Richard W. Daily, David M. Ebel, Denver, John F. Kelly, New York City, for defendant-appellee W. R. Grace & Co.
PIERCE, Judge.
Plaintiff, Utah International, Inc. (Utah), sought judicial review of a decision of the Board of Land Commissioners. The district court affirmed that agency's decision, and Utah appeals. We affirm.
In May of 1954, the State, acting through its Board of Land Commissioners, leased certain mineral rights to Utah. The lease specifically reserved to the State:
"The right to grant rights-of-way over said premises for public roads, railroads, power, telegraph, telephone, ditch and canal lines. . . . [S]uch grants shall be so made as not to interfere with the operation of the Lessee."
In May of 1975, defendant, Colorado-Ute Electrical Association, Inc. (Colorado-Ute), filed with the Board of Land Commissioners an application for a railroad right-of-way across certain state-owned lands, including those lands which were the subject of Utah's mineral lease. The Board authorized the issuance of the right-of-way in August of 1975. Utah objected, and hearings were held pursuant to § 36-1-131, C.R.S.1973.
In addition to a reaffirmation of its leasehold priority, Utah requested the Land Board to include in the grant of the right-of-way a relocation clause which would compel Colorado-Ute to relocate should any future conflict arise. The Board found that, though there were considerable amounts of mineable coal lying underneath the right-of-way, Utah had no immediate plans to begin operations there. Accordingly, it denied Utah's request that the right-of-way contain a relocation clause, concluding:
"Should the existence of the railroad interfere at some future time with the operations of Utah . . . the question of liability of Colorado-Ute to Utah, if any, for such interference, will then need to be determined."
Pursuant to § 24-4-106, C.R.S.1973, Utah appealed the Board's ruling to the district court, arguing that the Board erred in granting the right-of-way without requiring a relocation clause, and that the Board's decision thus constituted an unauthorized "taking." Utah also requested that the court enter a declaratory judgment specifying that Colorado-Ute's interest is "junior to and subject to the rights of Utah," and that Utah has no present or future duty to provide the right-of-way with subsurface support. The district court affirmed the Board's order.
We note initially that Utah was correct in joining its § 24-4-106 action to review the Board's action with its C.R.C.P. 57 action for declaratory judgment. In Norby v. City of Boulder, Colo., 577 P.2d 277 (Announced April 10, 1978), the Supreme Court approved of such a procedure where the review was under C.R.C.P. 106(a), and we rule that the same principle applies to administrative review under § 24-4-106.
However, we also hold that the portion of the action seeking judicial review of the Board's decision should have been dismissed by the district court, since Utah was not "adversely affected or aggrieved" by the decision as required by § 24-4-106(4). The Board specifically found that "the rights of Utah under such lease will not and should not be changed or altered by the grant of a right-of-way." Since the Board's decision, by its very terms, reaffirmed Utah's rights under the lease, Utah was not "aggrieved" by the decision, and therefore *98 lacked standing to seek review under § 24-4-106(4). See Board of County Commissioners v. State Board of Social Services, 186 Colo. 435, 528 P.2d 244 (1974).
As to the declaratory judgment portion of Utah's action, we agree with the district court that the cause is not justiciable under C.R.C.P. 57. It is undisputed that there is no present conflict between the parties. Utah based its action on a hypothetical conflict which might arise in the future, should it decide to begin mining operations under Colorado-Ute's right-of-way. In effect, Utah sought only an advisory opinion from the district court, and such a request is not cognizable under Rule 57. Farmers Elevator Co. v. First National Bank, 176 Colo. 168, 489 P.2d 318 (1971); Heron v. City & County of Denver, 159 Colo. 314, 411 P.2d 314 (1966).
Since we reach the same result as the trial court, though for different reasons, the judgment is affirmed. See Metropolitan Industrial Bank v. Great Western Products Corp., 158 Colo. 198, 405 P.2d 944 (1965).
SMITH and KELLY, JJ., concur.