590 P.2d 519 (1979)
McDONALD'S CORPORATION, McDonald's System, Inc., and Franchise Realty Corporation, Plaintiffs-Appellants,
v.
ROCKY MOUNTAIN McDONALD'S, INC., and McDonald's of the Rocky Mountain Empire, Inc., Defendants-Appellees.
No. 78-817.
Colorado Court of Appeals, Div. 1.
January 25, 1979.
*520 Holland & Hart, Robert E. Benson, Helen L. Marsh, Denver, Sonnenschein, Carlin, Nath & Rosenthal, Frederic S. Lane, Chicago, Ill., for plaintiffs-appellants.
Phelps, Hall, Singer & Dunn, Richard P. Hall, Denver, for defendants-appellees.
COYTE, Judge.
Plaintiffs appeal the judgment dismissing their declaratory judgment actions against defendants, their franchisees. We affirm.
Defendants entered into franchise agreements with the plaintiff, McDonald's System, Inc., to operate McDonald's Drive-in restaurants in Littleton and Westminster, Colorado. The 20-year agreements will expire on August 31, 1980, and December 31, 1979, respectively.
By the terms of the franchise agreements, the plaintiffs must offer franchise extensions to franchisees "in good standing." Specifically, one provision of the agreements states:
"If at the end of the franchise term of twenty years the premises are available and [defendants are] determined in good standing by [plaintiffs], [defendants] will be given first consideration for an additional franchise period of five years, consistent with [plaintiffs'] rights and interest in the property."
The complaint in this action states that on June 16, 1976, and November 3, 1977, plaintiffs notified the defendants that their operations were not in good standing by virtue of their failure consistently to meet quality, service, and cleanliness standards, an uncooperative attitude toward McDonald's management, a failure to expend adequate amounts for maintenance and advertising, and other alleged infractions of the franchise agreement. These notices advised defendants that as a result of their poor standing, their franchises would not be extended, but that plaintiffs would allow defendants to sell their franchises to an approved buyer.
Plaintiffs filed the instant declaratory judgment action seeking a determination that defendants are not entitled to first consideration for an additional franchise period because they are not in good standing and that defendants' rights under the franchise agreements end when the agreements expire.
Defendants filed a motion to dismiss the complaint because the controversy was not *521 subject to determination in a declaratory judgment action. The trial court properly granted this motion.
Viewing the facts of the complaint in the light most favorable to plaintiffs, as we must when determining a motion to dismiss, Bell v. Arnold, 175 Colo. 277, 487 P.2d 545 (1971), we conclude that plaintiffs are asking the court to render a declaratory judgment on future and contingent anticipated facts.
Where a contract provides for a manner in which termination can be effected, then those provisions must ordinarily be enforced as written. City of Fort Collins v. Park View Pipe Line, 139 Colo. 119, 336 P.2d 716 (1959). Here, the good standing of the defendants, according to the terms of the contracts, is to be determined "at the end of the franchise term of twenty years," and thus the court cannot determine at this time what defendants' standing will be at the end of the franchise term. Before that date of termination, it is possible that defendants will be able to improve their position, that they will sell their license to another franchisee, or that plaintiffs might cancel the franchise under the provision of the agreements allowing termination for failure to meet operational standards.
In short, plaintiffs are asking the trial court to render a declaratory judgment based on events that may or may not occur in the future. This is beyond the intended scope of a declaratory judgment. Heron v. City & County of Denver, 159 Colo. 314, 411 P.2d 314 (1966). "Declaratory judgment proceedings may not be invoked to resolve a question which is non-existent, even though it can be assumed that at some future time such question may arise." Taylor v. Tinsley, 138 Colo. 182, 330 P.2d 954 (1958).
Although the Uniform Declaratory Judgments Law, § 13-51-107, C.R.S.1973, and C.R.C.P. 57(c) provide that a contract may be interpreted prior to breach, these provisions are inapplicable where the dispute requires an interpretation in light of extrinsic facts which are not yet determinable. Utah International, Inc. v. Board of Land Commissioners, Colo.App., 579 P.2d 96 (1978); 26 C.J.S. Declaratory Judgments § 28.
Accordingly, the judgment of dismissal is affirmed.
PIERCE and KELLY, JJ., concur.