**LAKEWOOD FIRE PROTECTION DISTRICT, a quasi-municipal corporation, and John Bybee, Chief of the Fire Department of the Lakewood Fire Protection District, Plaintiffs-Appellants,**

v.

**CITY OF LAKEWOOD, a Colorado municipal corporation; William Kirchhoff, City Administrator of the City of Lakewood; and Dan Nickle, Codes Administrator of the City of Lakewood, Defendants-Appellees.**

No. 84CA0087.

Colorado Court of Appeals,
Div. I.

May 9, 1985.

Rehearing Denied June 6, 1985.

Certiorari Denied Dec. 16, 1985.

Robinson & Scheurer, P.C., Richard J. Scheurer, Lakewood, for plaintiffs-appellants.

Gorsuch, Kirgis, Campbell, Walker & Grover, Roger W. Noonan, Ann E. DeVine, Merry Ann Vernon, Denver, for defendants-appellees.

STERNBERG, Judge.

This is an appeal from a judgment of the district court dismissing as moot an action for declaratory judgment. We affirm.

The City of Lakewood, acting through its Codes Administrator, issued a certificate of occupancy to the Lakewood Sheraton Inn Hotel. At the time of the issuance of that certificate, the Lakewood Fire Protection District had not conducted certain tests of fire alarm and smoke control systems of the hotel to determine whether it complied with the Uniform Fire Code. The District objected to the issuance of the certificate of occupancy until the various tests were successfully concluded. Despite these objections, the City permitted the hotel to be occupied.

The District thereupon filed an action in the district court seeking an injunction and a declaratory judgment with respect to the rights and obligations of the District under the provisions of the state statute and the Uniform Fire Code. The District also sought a temporary restraining order to prohibit the occupancy of the Sheraton Inn. Subsequently, hearings on the motions were held, at which the District disclosed the failure of the Sheraton Inn to pass preliminary alarm and smoke control tests.

Following these hearings, the Sheraton Inn successfully complied with all of the smoke and fire alarm tests. Therefore, pursuant to a stipulation of the parties, the Sheraton Inn was eliminated as a named defendant and the request for the temporary restraining order was denied. An amended complaint was filed by the District which limited the claims to those for declaratory relief as to the rights and legal status of the District and the City.

After a pre-trial conference, the court determined that the issues pertaining to

the Sheraton Inn were indeed moot, as argued by the City, and that the remaining issues did not present an existing controversy. Therefore, the court ordered the complaint dismissed. The District appeals the dismissal of the complaint, arguing that justiciable issues remained, even though one or more of the issues did become moot prior to the trial of the action. We find that, although justiciable issues do remain, and that dismissal of the complaint on that basis was error, the court in fact properly dismissed the complaint because it determined that the cause was inappropriate for declaratory judgment.

■■■ Although a court should not render an advisory opinion in declaratory judgment actions, *see Associated Master Barbers v. Journeymen Barbers,* 132 Colo. 52, 285 P.2d 599 (1955), there need not be either a breach of contract, or a direct confrontation, before a declaratory judgment may be entered. C.R.C.P. 57(b) provides that:

> "Any person ... whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status, or other legal relations thereunder."

Further, the rule is remedial, its purpose being to settle and to afford relief from "uncertainty and insecurity with respect to rights, status, and other legal relations"; and also, the act is to be liberally construed and administered. *Colorado State Board of Optometric Examiners v. Dixon,* 165 Colo. 488, 440 P.2d 287 (1968); C.R.C.P. 57(k).

■■ The controversy here, and the question of the legal status of the parties, is not merely speculative. Under the existing statutes which govern their functions and their daily operations, the parties disagree as to the duties and responsibilities imposed on them under the governing, and possibly conflicting, codes. Although the dispute over the Sheraton Inn has become a moot issue, there remains the non-mooted issue of the legal relationship, which is an independent, present question. Therefore, the trial court could properly have adjudicated that issue, and it was error to dismiss it on the grounds of mootness.

■■ However, in its discretion, a court may refuse to render or enter a declaratory judgment even though it does have jurisdiction. *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321 (4th Cir.1937); Borchard, *Declaratory Judgments* (2d ed. 1941) 299. Among the situations in which judgment may be refused are those where the court determines that the judgment would not terminate the uncertainty or conflict giving rise to the proceedings. *People ex rel. Inter-Church Temperance Movement v. Baker,* 133 Colo. 398, 297 P.2d 273 (1956); C.R.C.P. 57(f); *see Product Engineering & Manufacturing, Inc. v. Barnes,* 424 F.2d 42 (10th Cir.1970). Furthermore, this rule is permissive rather than mandatory. *Wysowatcky v. Francis,* 483 P.2d 1353 (Colo.App.1971) (not selected for official publication).

■■ Thus, although the court erroneously stated that this case was moot because it no longer presented an actual controversy, our review of the record indicates that the court actually refused to entertain the declaratory judgment action because of its determination that its ruling could not terminate the controversy between the parties. Specifically, the court found that in this particular case, the dispute between the parties was not sufficiently concrete to enable it to enter a decree which would end that dispute and prevent future disputes of the same kind. This was within its discretion, and our review of the record supports the court's conclusion.

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.