Timothy E. DARNALL and Frank C. Coberly, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants and Cross-Appellees,

v.

The CITY OF ENGLEWOOD, Defendant-Appellee and Cross-Appellant.

No. 85CA0501.

Colorado Court of Appeals, Div. I.

June 18, 1987.

Miller & Leher, Robert C. Leher, Littleton, for plaintiffs-appellants and cross-appellees.

Jack Olsen, City Atty., Englewood, Deisch and Marion, P.C., Brad W. Breslau, Denver, for defendant-appellee and cross-appellant.

KELLY, Judge.

In this class action suit, plaintiffs, Timothy E. Darnall and Frank C. Coberly, appeal the summary judgment entered in favor of the defendant, City of Englewood. The plaintiffs contend, among other things, that the trial court erred in concluding that Darnall, Coberly, and the class they represent are not eligible for employee benefits from the City of Englewood. On cross-appeal, the City contends that the trial court erred in certifying this matter as a class action and naming the plaintiffs as class representatives. We affirm in part and reverse in part.

From 1973 to 1978, Darnall and Coberly worked in Englewood's recreation programs under a series of written employ-

ment contracts that were periodically renewed as the programs needed staffing. Both plaintiffs could reject individual contracts without jeopardizing future employment.

Virtually all the contracts covered seasonal recreational activities, and none prevented the plaintiffs from holding additional jobs within the recreation department or with outside employers. During the period the plaintiffs worked for the City, the employment contracts eventually permitted Darnall and Coberly to assume a work load approximating or exceeding that of permanent, full-time city employees. However, at no time from 1973 to 1978 did either Darnall or Coberly negotiate with the city officials for fringe benefits, such as annual leave, sick leave, paid holidays, overtime, medical and hospital benefits, or a retirement plan.

In late 1977, Coberly and Darnall learned that the city manager had instituted a program which allowed some part-time employees to receive prorated benefits based on the number of hours they worked. This program did not, however, include contract employees. Darnall and Coberly filed grievances with the city's Career Service Board alleging that they were de facto full-time employees and that their supervisors had told them that they would be included in the city manager's new benefits program.

The Board asserted that it had no jurisdiction to consider contract employee complaints and took no action on the grievances. Shortly thereafter, the jobs performed by Darnall and Coberly were consolidated and reclassified as full-time positions which required applicants to meet certain qualifications, to pass competitive examinations, and to be appointed under Englewood's classified civil service system. Alleging that they did not meet the qualifications, neither plaintiff sought appointments to the permanent regular positions.

## I.

■ Darnall and Coberly contend that the trial court, in granting summary judgment, erred in concluding that they were not full-time employees as defined under various provisions of the Englewood City Charter and Municipal Code. They argue that because they worked the requisite number of hours per week, the Charter and Code then in effect made them eligible for most of the benefits provided for regular employees in Englewood's classified civil service system. We disagree.

■ Summary judgment is appropriate if the pleadings, depositions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. C.R.C.P. 56(c).

■ City charters and ordinances pertaining to the same subject matter are to be construed *in pari materia* to ascertain legislative intent and to avoid inconsistencies and absurdities. *Whisler v. Kuckler*, 36 Colo.App. 200, 538 P.2d 477 (1975), *rev'd on other grounds*, 191 Colo. 260, 552 P.2d 18 (1976). *See* Black's Law Dictionary 711 (rev. 5th ed. 1979). Appellate courts are not bound by a trial court's construction of charters and ordinances, but interpretations by the municipality's executive and legislative bodies are to be given persuasive effect where the possibility for conflicting interpretations exists. *Mile High Enterprises, Inc. v. Dee*, 192 Colo. 326, 558 P.2d 568 (1977).

The plaintiffs do not contest Englewood's authority to hire temporary employees under short-term contracts. It is uncontroverted that the city manager's longstanding practice was to hire many workers, including Darnall and Coberly, under these contracts, and that they, and the class they represent, were never offered fringe benefits under the contract terms. Neither do the plaintiffs contest the city's authority under its charter and ordinances to set up a classified civil service system which would provide fringe benefits to regular employees.

Darnall and Coberly base their argument primarily upon their construction of inconsistencies in the definition of "employee" in the Englewood Charter and the Municipal Code then in effect. One definition in the

Charter states that "employee" includes "any compensated person in municipal service who is not an officer." Englewood City Charter, art. I, § 7 (1969 Amendment). A later amendment, however, defines an employee as "any person employed by the city *in a position in the classified service.*" Englewood City Charter, art. XV, § 137.2(a) (1972 Amendment) (emphasis added).

It is Article XV of the charter which states Englewood's policy in establishing its career civil service system and in defining those employees who are classified as either permanent or part-time *regular* employees entitled to benefits. *See* Englewood City Charter, art. XV, §§ 137:1, 137:2(e), 138:2 (1972 Amendment). It is also under these provisions of the charter and the relevant sections of the municipal code that the city has denied benefits to non-classified contract employees like Darnall and Coberly while at the same time extending them to part-time and full-time employees who have been hired through the competitive process. The benefits Darnall and Coberly seek were not available under the short-term employee contracts which they and others knowingly and willingly entered into from 1973, after amendment of the Charter provision, to 1978.

In construing the charter with the relevant sections of the municipal code then in effect, the trial court's interpretation of the Englewood City Charter and Municipal Code fully considers the applications made by the executive and legislative divisions of the city government. Accordingly, we conclude that the trial court correctly ruled, as a matter of law, that plaintiffs were not full-time employees, and thus, it did not err in granting summary judgment. *Mile High Enterprises, Inc. v. Dee, supra; Whisler v. Kuckler, supra;* C.R.C.P. 56(c).

## II.

The City contends that the trial court erred in granting class status to the plaintiffs on their first and second claims for relief. The City asserts that Darnall and Coberly's claims were not typical of the claims of the class they purport to represent as required by C.R.C.P. 23(a). We agree.

It is within the trial court's discretion to certify a lawsuit as a class action, and that decision "will not be disturbed unless [it] is clearly erroneous and an abuse of discretion." *Friends of Chamber Music v. City & County of Denver,* 696 P.2d 309 (Colo. 1985). If the interests of the class "are not in *full* harmony with the plaintiff[s]'," Darnall and Coberly cannot maintain a class action on behalf of the class. *Associated Master Barbers, Local 115 v. Journeyman Barbers, Local 205,* 132 Colo. 52, 285 P.2d 599 (1955) (emphasis added). *See* C.R.C.P. 23(a). The burden of proof as to whether a lawsuit should proceed as a class action is on "the party seeking to utilize the class action." *Borwick v. Bober,* 34 Colo.App. 423, 529 P.2d 1351 (1974).

Darnall and Coberly's first claim for relief seeks benefits generally provided for full-time, permanent city employees on grounds that they, in fact, worked full time for more than a year. They make this claim in spite of evidence in the record that virtually no one else in the class performed similar labor.

In the second claim for relief, the plaintiffs seek prorated benefits for contract employees who worked part time on a year-round basis. Few of the class members meet this criterion. Thus, the plaintiffs have failed to meet their threshold burden of proof as to whether their first and second claims were typical of the class they purport to represent. C.R.C.P. 23(a); *Borwick v. Bober, supra.* Therefore, we conclude that the trial court erred in certifying the plaintiffs' case as a class action. *Friends of Chamber Music v. City & County of Denver, supra.*

In view of the conclusions we have reached, we need not address the plaintiffs' remaining claims.

The judgment is affirmed insofar as it ruled Darnall and Coberly were not entitled to the employment benefits accruing to full-time city employees and is reversed

insofar as it purported to treat the proceeding as a class action.

PIERCE and METZGER, JJ., concur.