**SERVICE MERCHANDISE COMPANY, INC., a Tennessee corporation, Plaintiff–Appellee and Cross–Appellant,**

**v.**

**Patricia SCHWARTZBERG, Manager of Revenue for the City and County of Denver, The Department of Revenue of the City and County of Denver, City Council for the City and County of Denver, State of Colorado, and City and County of Denver, a Municipal corporation, Defendants–Appellants and Cross–Appellees.**

**No. 96CA1446.**

Colorado Court of Appeals, Div. V.

Dec. 26, 1997.

As Modified on Denial of Rehearing March 19, 1998.

Certiorari Denied Jan. 25, 1999.

Antonio Bates Bernard PC, Roy A. Adkins, Brian E. Bates, Denver, for Plaintiff–Appellee and Cross–Appellant.

Daniel E. Muse, City Attorney, Robert F. Strenski, Assistant City Attorney, Denver, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge KAPELKE.

Defendant, Patricia Schwartzberg, Manager of Revenue for the City and County of Denver (Manager), appeals the summary judgment entered in favor of Service Merchandise Company, Inc., invalidating a use tax assessed in connection with Service Merchandise's advertising materials which were printed outside of, but delivered within, Denver. The Manager also challenges that part of the summary judgment that declared certain provisions of the Denver Revised Municipal Code (Municipal Code) invalid as inconsistent with state law. On cross-appeal, Service Merchandise challenges the deemed

denial of its motion for summary judgment as to the appropriate rate of interest to be paid on refund of monies it paid to secure its appeal. We affirm in part and reverse in part.

The essential facts are undisputed. Service Merchandise is a Tennessee corporation with retail stores throughout the nation, including in Denver. It contracts with printers outside Denver to print two types of advertising materials: newspaper advertising inserts and direct mail materials. The only use taxes challenged here are those imposed with respect to the advertising materials that are delivered within Denver, either through the mail or as inserts physically placed within newspapers.

Service Merchandise determines the recipients of its advertisements. However, it is the printers who arrange for the shipment of the advertising materials to the post office and to the newspaper facility. The post office and newspaper then carry out the actual delivery of these materials.

Following an audit, the Manager of Revenue issued Service Merchandise a Notice of Final Determination, Assessment and Demand for Payment for the period of August 1, 1988, through July 31, 1991, of a use tax based on its use and distribution of the advertisements. The assessment was later amended because one of the newspapers had re-located the facility at which it inserted the advertising to a location outside Denver. The Manager reduced the assessment to include only those ad inserts which were delivered to addresses within Denver.

Service Merchandise appealed the amended assessment, but only insofar as it assessed a use tax as to direct mail materials and ad inserts which had not been stored at a newspaper facility in Denver prior to distribution. A hearing officer upheld the assessment, and Service Merchandise sought *de novo* review in the district court pursuant to § 29-2-106.1, C.R.S.1997.

On cross-motions for summary judgment, the district court reversed the decision of the hearing officer and invalidated the challenged assessments. The court also declared that Denver Revised Municipal Code §§ 53-56 & 53-124 are inconsistent with state law to the extent they purport to preclude *de novo* review of a tax assessment pursuant to § 29-2-106.1, C.R.S.1997. This appeal and cross-appeal followed.

Our review of a summary judgment is *de novo*. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251 (Colo.1995). The correctness of legal conclusions based on undisputed facts is a question of law subject to independent review on appeal. *Evans v. Romer,* 854 P.2d 1270 (Colo.1993), *cert. denied,* 510 U.S. 959, 114 S.Ct. 419, 126 L.Ed.2d 365 (1993); *Frank C. Klein & Co. v. Colorado Compensation Insurance Authority,* 859 P.2d 323 (Colo. App.1993).

Here, both parties assert, and we agree, that there are no genuine issues of material fact.

## I.

The Manager contends that the district court erred when it determined that Service Merchandise did not exercise a taxable privilege in Denver by distributing advertisements from outside the city to locations in Denver. We agree.

A use tax is imposed on "[e]very person exercising the taxable privilege of storing, using, distributing, or consuming in the city ... tangible personal property...." Denver Revised Municipal Code § 53-96.

"Use" is defined as the exercise of any right, power, or dominion over tangible personal property for any length of time. Denver Revised Municipal Code § 53-95(30). "Distributing," although not separately defined by the Municipal Code, appears to be subsumed within the broad definition of "use." *Talbots, Inc. v. Schwartzberg,* 928 P.2d 822 (Colo.App.1996).

## A.

The Manager argues that Service Merchandise exercised a taxable privilege by distributing direct mail material to Denver addressees from out of state. We agree.

Since the district court's ruling here, a division of this court has held, in *Talbots v.*

*Schwartzberg, supra,* 928 P.2d at 824, "that the definition of 'use' contained in Denver Revised Municipal Code § 53–96 includes the distribution of promotional advertising material by the direct mailing of catalogs to Denver addressees." We find *Talbots* persuasive and thus dispositive of the issue here.

Service Merchandise argues, however, that *Talbots* does not apply because the division in that case did not consider the effect of United States Postal Service Regulations, whereas here those regulations formed a basis of the district court's decision.

Specifically, here, the district court held that, pursuant to United States Postal Regulations, once the direct mail materials were deposited in the mail, Service Merchandise had no right of control over them in Denver because it might not be able to recall them or prevent their delivery.

The division in *Talbots* did not consider the ability to recall or prevent delivery of the materials in Denver to be pertinent to the analysis. Instead, the division reasoned that directing the distribution of mail to Denver addressees from outside the city constituted a "use" consistent with the Municipal Code. *Talbots v. Schwartzberg, supra.*

Similarly, courts in other jurisdictions have rejected the argument that the practical inability to recall promotional materials once they have been deposited in the mail precludes the assessment of a use tax. *See Sharper Image Corp. v. Miller,* 240 Conn. 531, 692 A.2d 774 (1997); *see also Service Merchandise Co. v. Arizona Department of Revenue,* 188 Ariz. 414, 937 P.2d 336, 339 (Ariz.App.1996)("By directing the catalogs and fliers to be mailed to customers from the post office, Service Merchandise 'used' the catalogs in Arizona.").

Accordingly, we reject the contention of Service Merchandise that consideration of the United States Postal Regulations would mandate a result different from that reached by the division in *Talbots.*

Therefore, we hold that Service Merchandise's distribution of direct mail material from out of state to Denver addressees constitutes the exercise of a taxable privilege supporting imposition of a use tax.

**B.**

■ Next, the Manager asserts that the district court erred when it ruled that the advertising inserts were not subject to the use tax. The district court, again without having the benefit of the later ruling in *Talbots,* reasoned that once the ads were inserted into the newspaper—an event which took place outside of Denver—Service Merchandise no longer had a right to recall the ad or to prevent delivery. Again, we agree with the Manager and disagree with the district court's analysis.

The basis for imposing the use tax on direct mail material is the distribution of that material to Denver addressees. *Talbots v. Schwartzberg, supra;* Denver Revised Municipal Code § 53–96 (use tax imposed on "distributing" tangible personal property in Denver).

We perceive no relevant difference between direct mail materials and ad inserts for purposes of the assessment of a use tax here. *See Service Merchandise Co. v. Arizona Department of Revenue, supra,* 937 P.2d at 339 ("We see no reason to distinguish between distribution of newspapers and by the postal service of materials produced out-of-state."). In both circumstances, Service Merchandise is directing the distribution of its promotional materials to potential customers in Denver from outside the city through the use of third parties—the newspapers or the postal service.

Service Merchandise contends, nevertheless, that the only basis for imposing a use tax on advertising inserts is storage in the city, not distribution, and relies on *Walgreen Co. v. Charnes,* 859 P.2d 235 (Colo.App.1992) in support of this contention. There, a division of this court held that a use tax was properly imposed on Walgreen's advertising inserts which were stored at newspaper facilities located in Denver prior to distribution. Thus, Service Merchandise argues that the taxable privilege of "storage" must occur within Denver in order for the use tax to be supportable. We disagree.

It is not inconsistent with the analysis in *Walgreen* to hold, as we do here, that a

taxable privilege occurs upon *distribution* as well as *storage* of tangible personal property in Denver. Indeed, Denver Revised Municipal Code § 53–96 expressly provides for the imposition of a use tax on "every person exercising the taxable privilege of ... *distributing* ... in the city ... any article of tangible personal property, purchased at retail ...." (emphasis added)

Accordingly, we conclude that Service Merchandise exercised a taxable privilege by causing the distribution of advertising inserts in newspapers delivered to locations in Denver.

### C.

The Manager of Revenue contends that the district court erred when it determined that both the direct mail material and ad inserts were exempt from taxation pursuant to Denver Revised Municipal Code § 53–98(a). Again, we agree.

Municipal Code § 53–98(a) provides, in pertinent part:

There is imposed ... a tax upon the exercise of the privilege of storing, using, distributing or consuming in the city ... any item of tangible personal property purchased at retail ... in accordance with the following schedule:

| Amount of Purchase Price | Tax |
| --- | --- |
| $0.01 including $0.14 | No Tax |
| 0.15 including 0.42 | $0.01 |
| 0.43 including 0.71 | 0.02 |
| 0.72 including 0.99 | 0.03 |
| 1.00 including 1.28 | 0.04 |
| 1.29 including 1.57 | 0.05 |
| 1.58 including 1.85 | 0.06 |
| 1.86 including 2.00 | 0.07 |

On sales in excess of two dollars ($2.00), *the tax shall be seven cents ($0.07) on each full two-dollar ($2.00) amount of the purchase price, plus the tax shown in the above schedule for the applicable fractional part of two dollars ($2.00) of each such price.* (emphasis added)

Denver Revised Municipal Code 53–96(1) imposes a use tax measured by the purchase price of tangible personal property. Purchase price is defined as, "the aggregate value ... paid or delivered ... in consumma-tion of a sale." Denver Revised Municipal Code § 53–95(17).

■ Our primary task when interpreting an ordinance is to determine and give effect to the intent of the body enacting it. *Walgreen Co. v. Charnes, supra.* Furthermore, appellate courts are not bound by a trial court's interpretation of a city ordinance. *Darnall v. City of Englewood,* 740 P.2d 536 (Colo.App.1987).

■ The district court reasoned that each individual delivery of the advertisements at issue here constituted a discrete transaction because the advertising materials are delivered to individual addressees. The district court held that, because the cost of each separate transaction is less than 14 cents, Service Merchandise was exempt from a use tax based on the so-called bracket system employed by Denver pursuant to Municipal Code § 53–98(a). We disagree with this interpretation of the Municipal Code.

There is nothing to suggest that Municipal Code § 53–98(a) is designed to permit exemptions to the use tax. Instead, the bracket system is designed in recognition of the impracticability of collecting fractions of cents. For all sales in excess of $2.00 the tax is 3.5% (or $0.07 on each two dollars), plus the amount shown in the schedule for the fractional amount under $2.00.

If a taxable privilege is exercised within Denver, the use tax is imposed based on the purchase price of tangible personal property, which is defined as the *aggregate value* paid for the property. Municipal Code §§ 53–96, 53–98, 53–95(17). The method of use—here, delivery to individual locations in Denver—is relevant only to the determination of whether the exercise of a taxable privilege occurred in Denver, not to the determination of the amount of the tax imposed.

Moreover, the district court's conclusion appears inconsistent with the framework of the Municipal Code, which provides for exemptions to the use tax in Denver Revised Municipal Code § 53–97, a separate section which is titled "Exemptions." *Cf.* Municipal Code § 53–98 (entitled "Retailers to Collect Tax").

Therefore, we conclude that the distribution of the advertising materials by Service Merchandise is not exempt from the use tax.

## II.

█ Finally, the Manager contends that the district court erred when it held that Municipal Code §§ 53–56 and 53–124 are inconsistent with state law to the extent that they purport to confer an exclusive procedure for limited review under C.R.C.P. 106(a)(4), and thus purport to preclude a taxpayer's right to a *de novo* review of an assessment as allowed by § 29–2–106.1, C.R.S.1997. We disagree with this contention.

Both Denver Revised Municipal Code §§ 53–56 and 53–124 contain the following language:

Should the taxpayer be aggrieved by the final decision of the manager, the taxpayer may proceed to have the same reviewed under *Colorado Rule of Civil Procedure 106(1)(4)* or such similar procedure for the issuance of a writ in the nature of certiorari, only by the district court for the second judicial district of the state. The petition or complaint for review by the district court under such procedure must be filed within thirty (30) days from the entry of the manager's decision and *shall be the exclusive remedy to review the decision.* Court proceedings shall be governed by the Colorado Rules of Civil Procedure, as amended from time to time. Any party, including the city, may appeal the decision of the administrative tribunal and, also, the decision of the district court, using all appellate and extraordinary proceedings available. *Unless otherwise provided by the Colorado Rules of Civil Procedure, and notwithstanding the provisions of section 106.1 and article 2, title 29, of the Colorado Revised Statutes, the standard of review by the district court shall be to determine only whether the manager has exceeded the jurisdiction or abused the discretion vested by this article in the office.* (emphasis added)

The supreme court previously ruled that Municipal Code §§ 53–56 and 53–124 are inoperative to the extent that a taxpayer seeks *de novo* review of the Manager's decision pursuant to § 29–2–106.1, C.R.S.1997. *Walgreen Co. v. Charnes,* 819 P.2d 1039 (Colo. 1991).

█ While we recognize that § 29–2–106.1(9), C.R.S.1997, allows taxpayers to pursue judicial review of a local government's final decision as provided by local ordinance, that provision does not allow a local government to adopt a provision purporting to supplant or undercut the review rights authorized by statute.

Both of the Municipal Code provisions here still state that the "exclusive remedy to review the decision" of the Manager is pursuant to C.R.C.P. 106(a)(4). In this respect, the provisions are not only likely to mislead taxpayers, but also continue to purport to preclude the *de novo* review allowed by statute and to subject *all* review to the limited abuse of discretion standard. Thus, the district court properly held that these provisions are inconsistent with state law and, therefore, invalid. *See Walgreen Co. v. Charnes,* 819 P.2d 1039 (Colo.1991).

In light of our reversal of the district court's order invalidating the use tax assessments, Service Merchandise's appeal as to the appropriate rate of interest to be paid on refund of monies it deposited is moot and need not be addressed.

That portion of the district court's judgment that invalidated the imposition of the use tax against Service Merchandise is reversed. That part of the judgment is affirmed that declared Denver Revised Municipal Code SECTIONS 53–56 and 53–124 invalid to the extent they purport to confer an exclusive procedure for limited review under C.R.C.P. 106(a)(4) and thus purport to preclude de novo review of an assessment.

RULAND and CASEBOLT, JJ., concur.