**Richard A. BURCHAM, Plaintiff–Appellant,**

v.

**David M. BURCHAM and Angela M. Sears, Defendants–Appellees.**

No. 99CA0919.

Colorado Court of Appeals, Div. I.

March 30, 2000.

Wick, Campbell, Bramer, Ukasick & Trautwein, LLC, Robin L. Wick, Kimberly B. Schutt, Fort Collins, Colorado, for Plaintiff–Appellant.

No Appearance for Defendants–Appellees.

Opinion by Judge RULAND.

Richard A. Burcham, plaintiff, appeals from the judgment of the trial court dismissing his complaint against David M. Burcham and Angela M. Sears, defendants. We affirm.

Defendants are the adult children of plaintiff's previous marriage. Plaintiff filed a verified complaint for declaratory judgment pursuant to C.R.C.P. 57, in which he requested a ruling that the will executed by him on January 22, 1999, precluded any distributions from his estate to defendants.

This case does not involve any contract to make any particular will. Instead, plaintiff's complaint alleged that: (1) he had executed previous wills, in addition to his current will, which intentionally and unequivocally disinherited defendants; (2) he had prepared his current will while of sound mind and not under undue influence; (3) he had informed defendants of the provisions of his past and present wills; (4) defendants had failed to comply with his request to acknowledge his intent and right to disinherit them; and (5) he was concerned that, following his death, they would contest his present or future wills.

Based upon these allegations, plaintiff asked the court to declare, among other things, that his intent to disinherit defendants, as expressed in his will, was clear and that the intent was formed while he was competent and not subject to any undue influence. He also asked for a determination that neither defendants nor their descendants were entitled to distributions from his estate under the will or statutes governing intestate succession.

Although the record indicates that defendants were properly served with the summons and complaint in California, neither filed an answer or appeared before the trial court. Based upon defendants' failure to respond, plaintiff filed a notice of default and, subsequently, a verified motion for entry of declaratory judgment.

Thereafter, the trial court dismissed plaintiff's complaint on the ground that he had failed to state a claim upon which relief could be granted. This appeal followed.

I.

Plaintiff first contends that the trial court erred in dismissing the declaratory judgment action. He argues that the complaint does indeed state a claim for relief. We disagree.

In reviewing the dismissal of a complaint for failure to state a claim for relief, the material allegations of the complaint must be taken as correct. *Cook v. City & County of Denver*, 128 Colo. 578, 265 P.2d 700 (1954). Even so, the allegations here were insufficient to present a justiciable issue for the court's resolution.

A will takes effect only upon the testator's death and generally speaks from that date. *Heinneman v. Colorado College*, 150 Colo. 515, 374 P.2d 695 (1962). Prior to the date of death, a will is merely the expression of an intention to dispose of one's property in a certain way in the future, provided one does not have a change of mind. *In re Clarke's Estate*, 98 Colo. 321, 57 P.2d 5 (1936); *see also Haerry v. Hoffschneider*, 202 Neb. 534, 276 N.W.2d 196 (1979)(a will is a unilateral disposition of property binding only on the date of the death of the maker).

A proceeding for declaratory judgment, however, must be based upon an actual controversy. *Beacom v. Board of County Commissioners*, 657 P.2d 440 (Colo.1983). The rule may not be utilized to obtain advisory opinions based upon the mere possibility of a future controversy. *Constitution Associates v. New Hampshire Insurance Co.*, 930 P.2d 556 (Colo.1996); *Brill v. Hughes*, 958 P.2d 529 (Colo.App.1998).

As a result, contrary to plaintiff's contention, the mere possibility that defendants may contest his will at the time of his death does not constitute an actual controversy justifying a declaratory judgment. *See Gabriel v. Board of Regents of University of Colorado*, 83 Colo. 582, 267 P. 407 (1928)(courts need not answer questions which have not yet arisen and may never arise, nor reply to mere speculative inquiries). This is especially so given the fact that plaintiff may well

execute a new will thus rendering any decision about his current will advisory.

### II.

Because we have concluded that the court was correct in dismissing the complaint, we need not consider plaintiff's additional contention that the court erred by failing to enter a default judgment in his favor based upon defendants' lack of response to his complaint.

The judgment is affirmed.

Judge METZGER and Judge NIETO concur.