**James R. BURKETT, Jeri M. Burkett, and The Orin S. Richardson and Gene Richardson Family Trust, Plaintiffs–Appellants,**

v.

**AMOCO PRODUCTION COMPANY, Defendant–Appellee.**

**No. 02CA1104.**

Colorado Court of Appeals, Div. IV.

Aug. 14, 2003.

Certiorari Denied March 15, 2004.*

* Justice KOURLIS would grant as to the following issues:
  Whether the court of appeals erred when it held there exists no judiciable case or controversy between the parties and affirmed dismissal of Plaintiff's declaratory judgment action.
  Whether the court of appeals erred when it did not reverse the trial court's determination that

Colorado courts must refrain from considering Plaintiffs' contract claims until after Plaintiffs have exhausted administrative remedies purportedly available to them at the Colorado Oil and Gas Conservation Commission and/or before unspecified "local agencies".

McDaniel, Baty, Miller, Agro & Downs, LLC, G.R. Miller, Durango, Colorado, for Plaintiffs–Appellants.

Dugan & Associates, P.C., Thomas P. Dugan, Durango, Colorado, for Defendant–Appellee.

Opinion by Judge NIETO.

In this dispute concerning sites for proposed gas wells, plaintiffs, James R. Burkett, Jeri M. Burkett, and The Orin S. Richardson and Gene Richardson Family Trust, appeal the order entered in favor of defendant, Amoco Production Company, dismissing plaintiffs' complaint. We affirm.

Plaintiffs own real property in La Plata County, Colorado. Defendant operates nine producing gas wells on the property. In July 2000, the Colorado Oil and Gas Conservation Commission (COGCC) entered an order granting defendant general permission to drill additional wells in each spacing unit and designating a twenty-three acre "drilling window" for each spacing unit. Some of these drilling windows are on plaintiffs' property.

With plaintiffs' permission, defendant began, but did not complete, constructing sites for two wells. However, the parties have not reached an agreement as to the size of those sites or the parameters of any additional

wells that may be drilled on plaintiffs' property.

Before defendant can begin drilling any of the authorized wells, it must file an application for a permit to drill (APD) with the COGCC containing the specific site for the proposed well and, if possible, a signed surface use agreement. The parties have attempted to negotiate surface use agreements for a number of proposed wells, but those negotiations have not yet been successful. The parties acknowledge that only defendant can file an APD, that an APD is required before the specific locations and parameters of any such wells can be determined, and that defendant has not filed an APD.

Plaintiffs filed a complaint seeking a declaratory judgment and related injunctive relief. Defendant filed a motion to dismiss, which the trial court granted, finding that a declaratory judgment would not resolve the dispute between the parties and that the court lacked jurisdiction because plaintiffs had not exhausted their administrative remedies. This appeal followed.

Plaintiffs contend that the trial court erred in dismissing their complaint after concluding that no justiciable case or controversy existed and that the requested declaratory judgment would not resolve the dispute between the parties. We disagree.

The right to declaratory judgment is governed by § 13–51–101, et seq., C.R.S.2002, and C.R.C.P. 57(b).

> Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

C.R.C.P. 57(b).

However, a "court may refuse to render or enter a declaratory judgment or decree where such judgment or decree if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." C.R.C.P. 57(f).

A request for declaratory judgment must be based upon an actual controversy and cannot be used to obtain advisory opinions based upon the mere possibility of a future controversy. *Burcham v. Burcham,* 1 P.3d 756, 757 (Colo.App.2000). The controversy presented must be current rather than one that may arise at some future time. *Three Bells Ranch Assocs. v. Cache La Poudre Water Users Ass'n,* 758 P.2d 164 (Colo.1988); *McDonald's Corp. v. Rocky Mountain McDonald's, Inc.,* 42 Colo.App. 143, 590 P.2d 519 (1979); *Utah Int'l, Inc. v. Bd. of Land Comm'rs,* 41 Colo.App. 72, 579 P.2d 96 (1978).

"In reviewing the dismissal of a complaint for failure to state a claim for relief, the material allegations of the complaint must be taken as correct." *Burcham v. Burcham, supra,* 1 P.3d at 757. However, the decision to grant an anticipatory declaratory judgment is within the sound discretion of the trial court and will be overturned only for an abuse of discretion. *Lot Thirty–Four Venture, L.L.C. v. Town of Telluride,* 976 P.2d 303 (Colo.App.1998), *aff'd,* 3 P.3d 30 (Colo.2000).

The lessee of a severed mineral estate is privileged to use that portion of the surface that is reasonably necessary to develop the mineral interest. However, the surface owner continues to enjoy the right to use the surface consistent with the burden of the mineral lessee's privilege to develop the mineral interest. Neither the owner nor the lessee has an absolute right to exclude the other from the surface, but rather, each must have due regard for the rights of the other in making use of the surface. This due regard concept requires the lessee to accommodate the surface owner to the fullest extent possible consistent with the lessee's right to use the surface for the reasonable development of the mineral estate. If the lessee's operation would impair or preclude uses by the surface owner, the owner's right to be accommodated includes the right to require the lessee to use reasonably available alternatives. *Gerrity Oil & Gas Corp. v. Magness,* 946 P.2d 913 (Colo.1997).

Plaintiffs contend that they have the right to select the reasonable location of defendant's proposed wells, roads, pipelines, and other facilities and that defendant must utilize their selections in any APD. Defendant denies that plaintiffs have such a right, and therefore plaintiffs argue that an actual dispute exists concerning the scope of their respective rights under the leases and under Colorado law.

Defendant argues that plaintiffs' request is premature and would result in an advisory opinion because defendant has not yet submitted an APD for any proposed well. Defendant does not dispute that it has a duty to act reasonably, but argues that there is no existing controversy because it may never seek drilling permits, and if it does, the details of those permits have not yet been determined and may be satisfactory to both parties. Defendant further argues that if it does file an APD without reaching a surface use agreement, a declaratory judgment will not resolve any controversy because the trial court cannot determine whether any future plans are in fact reasonable, as such plans have not yet been devised. We agree with defendant.

*Gerrity Oil & Gas Corp. v. Magness, supra,* makes clear that defendant's right to use the surface is limited to what is *reasonable and necessary* to develop the mineral estate. It also makes clear that plaintiffs' right to require accommodation of their surface uses is contingent on defendant's *reasonable and necessary* requirements for mineral development and the availability of *reasonable* alternatives. Defendant does not dispute that the principles described in *Gerrity* are applicable to its relations with plaintiffs. Therefore, regardless of which party initially selects the sites for defendant's surface uses, the question of what is reasonable and necessary cannot be resolved until the site selection is made and reasonable alternatives, if any, are identified. Declaratory judgment is not appropriate "where the dispute requires an interpretation in light of extrinsic facts which are not yet determinable." *McDonald's Corp. v. Rocky Mountain McDonald's, Inc., supra,* 42 Colo.App. at 145, 590 P.2d at 521.

Moreover, while it may be likely that defendant will submit an APD to COGCC at some time in the future, until it actually obtains the permit and the local approvals required before drilling can begin, there is no present conflict between the parties. Absent a present conflict, a declaratory judgment claim under C.R.C.P. 57 is not justiciable. *Heron v. City & County of Denver,* 159 Colo. 314, 411 P.2d 314 (1966); *Utah Int'l, Inc. v. Bd. of Land Comm'rs, supra.*

Further, even if we were to conclude that a present controversy justiciable under C.R.C.P. 57 is presented by the discrete question of which party has the right to designate the location of defendant's surface uses in the APD, plaintiffs still are not necessarily entitled to a declaratory judgment. Where the trial court determines that the declaration sought would not resolve the conflict giving rise to the proceeding, as it has here, it has discretion to refuse to enter a declaratory judgment. *Lakewood Fire Prot. Dist. v. City of Lakewood,* 710 P.2d 1124 (Colo.App.1985).

Therefore, we conclude that the trial court did not abuse its discretion in determining that the declaratory judgment sought by plaintiffs would not resolve the controversy and did not present a justiciable dispute.

Plaintiffs argue that a declaratory judgment is proper here under *Board of County Commissioners v. Bowen/Edwards Associates, Inc.,* 830 P.2d 1045 (Colo.1992). There, the supreme court addressed "whether in an action for declaratory and injunctive relief [the petitioner] ... has standing to challenge the validity of the county's land-use regulations pertaining to oil and gas activities within the county without first filing a permit-application with the county and obtaining administrative approval of the application." *Bd. of County Comm'rs v. Bowen/Edwards Assocs., Inc., supra,* 830 P.2d at 1048. The supreme court concluded that the petitioner had standing to make such a challenge because the regulations at issue would have had an adverse impact on the petitioner's operations at that time, and the fact that the petitioner had not applied for a permit did

not create a factual void or lack of present controversy.

Here, in contrast to *Bowen/Edwards,* until defendant submits an APD, there is no present controversy. Also, as discussed above, the relief sought here would not dispose of the controversy because there are no present concrete plans available for review.

Plaintiffs also rely on *Three Bells Ranch Associates v. Cache La Poudre Water Users Ass'n, supra,* in arguing that a declaratory judgment is proper. There, the issues were whether the sand and gravel pits in question constituted "wells" subject to regulation pursuant to applicable statutes and whether the creation of the sand and gravel pits would cause harm to the plaintiffs' water rights in the future. The court concluded that the determination of the issues had legal consequences at that time because it would dictate whether the defendants were required to obtain permits and because under the existing reclamation plans, future injury would be inevitable. This case is inapposite, because here there is no dispute concerning which regulations are applicable, and plaintiffs' injuries, if any, cannot be determined until the site selection for defendant's surface uses has been made.

Based on our resolution of the issue above, we need not consider plaintiffs' contention that the trial court erred in concluding that they failed to exhaust their administrative remedies.

The order is affirmed.

Chief Judge DAVIDSON and Judge GRAHAM concur.